EX PARTE R. P. DAVIS, JR.

No. A-8160. Decided February 22, 1961.
(344 S.W. 2d Series 153)

562

*Mayfield & Atkins,* of Fort Worth, for relator.

*Moses & Truett, McKinney, Sneed & Vine* and *Forrest N. Troutman,* all of Austin, for respondent.

MR. CHIEF JUSTICE CALVERT delivered the opinion of the Court.

Relator, R. P. Davis, Jr., was confined in the county jail of Collin County under a written commitment issued by the District Clerk of Collin County on December 21, 1960 and executed by the sheriff of the county on December 31, 1960. He was released on bond by order of this court pending a determination of the validity of the judgment ordering him confined.

■ The matter comes to us in an original habeas corpus proceeding. Relator was confined in jail under a judgment of the District Court of the 59th Judicial District adjudging him to be in contempt of court for failing to comply with an order of the court to make weekly payments of $15.00 for the support of his minor child. He is not entitled to discharge in a habeas corpus proceeding unless the judgment ordering him confined is void. Ex Parte Helms, 152 Texas 480, 259 S.W. 2d 184, 186.

Relator asserts that the judgment is void because: (1). The court had no jurisdiction to enter it. (2). It has no support in the evidence. (3). It denies relator due process of law as guaranteed by Article I, Sec. 19 of the Constitution of Texas and the Fifth and Fourteenth Amendments to the Constitution of the United States.

The contention that the trial court had no jurisdiction to enter

the judgment is based on the wording of Section 1 of Article 4639a, V.A.C.S., and the wording of Rule 308-A, Texas Rules of Civil Procedure. Article 4639a authorizes a court, upon granting a divorce to persons having a child or children under eighteen years of age, to order either parent to make periodical payments for the benefit of the child or children, and provides that the court shall have power to enforce its judgment "by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof." Rule 308-A prescribes the procedure to be followed in determining whether a support order has been disobeyed. Whether the proceeding is initiated by the filing of a statement of disobedience by another or on the court's own motion, the defaulting party may be punished for his disobedience only after notice and hearing. The rule provides for notice through a show cause order to be served on the party alleged to be in default "commanding him to appear and show cause why he should not be held in contempt of court." The rule further provides that the order *shall be served* "not less than ten days prior to the hearing on such order to show cause." The position of the relator is that under the provisions of the statute and the rule jurisdiction of a trial court to conduct a contempt hearing does not attach unless and until the person required to show cause has had ten days notice of the hearing. We do not believe that to be a proper construction of the statute or of the rule.

A district court undoubtedly has jurisdiction of the subject matter of a contempt hearing conducted under the statute and the rule. It obtains jurisdiction of the person through service of the show cause order. Having jurisdiction of the subject matter and of the person, the judgment is not void for want of jurisdiction in the court to render it unless it is prohibited by the statute or the rule. Freeman v. Freeman, 160 Texas 148, 327 S.W. 2d 428, 433. Neither the statute nor the rule contains a prohibition against conducting a contempt hearing in less than ten days after a show cause order is served. There is nothing in either of them which prohibits a person charged from appearing and agreeing that the hearing may be held at any time. The holding of a contempt hearing within less than ten days from the date on which a show cause order is served is a procedural irregularity only. It follows that the court did not lack jurisdiction in this case because the contempt hearing was held within less than ten days after service of the show cause order on relator. Freeman v. Freeman, supra.

On the other hand, the holding of the hearing in less than ten days after service of notice may constitute a denial of due process.

The direction of ten days notice in the statute and the rule is in mandatory language. The obvious purpose of the direction is to afford the defaulting party reasonable opportunity to employ counsel, gather evidence, subpoena witnesses and prepare for trial. The rule itself provides, "The court, the parties and the attorneys may call and question witnesses to ascertain whether such support order has been disobeyed."

The proceeding is unlike a civil suit. The person charged may not ignore the show cause order as he might ignore citation in a civil suit. He is commanded by the court to appear, and if he ignores the command he may be brought in under a capias. Moreover, one of the purposes of the hearing is to determine whether penal sanctions will be imposed against him; a fine may be imposed or he may be committed to jail, or both penalties may be inflicted. Article 1911, V.A.C.S. In addition, his imprisonment may be continued until he has purged himself of the contempt. 12 Texas Jur. 2d 511, Contempt, Sec. 33. The usual condition in this type of case with which the contemner must comply in order to purge himself is the payment of a fixed sum of money, within his ability to pay, representing cumulated arrearages of support payments. The hearing has some of the incidents of a trial for crime and is quasi-criminal in nature. Ex Parte Jones, 160 Texas 321, 331 S.W. 2d 202, 205.

The precise question with which we are here concerned is whether on the record before us relator has been denied constitutional due process. On September 3, 1960 the judge directed the issuance of the show cause order. It commanded relator to appear on September 10th. It was served on relator on September 8th. Relator is a deaf mute. He appeared as commanded, accompanied by his father and an adult sister, but without counsel. The complaining witness, former wife of relator, also a deaf mute, was present in court. Apparently the court reporter was not present at the hearing as no official record of the proceedings was preserved. Following the hearing relator secured counsel who appeared with him before the court on September 17th. No official record of the proceedings on that date was preserved.

There is in the record before us an instrument denominated "Statement of Facts," signed by the judge on January 28, 1961 and thereafter filed with the clerk and transmitted to this court. It is certified therein that the complaining witness, relator and relator's father were sworn as witnesses and testified at the hearing on September 10th., the complaining witness and relator testifying through members of their respective families; that the

hearing was then terminated and the judge ordered the parties to appear on the 17th "for announcement of judgment;" that when the parties appeared on the 17th no further testimony was adduced and no exception was leveled at the failure to adduce further testimony; that "this court stated he had heard the testimony the prior Saturday." The judge declined to certify that no offer of testimony was made by relator and his counsel on the 17th. The inference is that the offer was made but rejected. Judgment was rendered on that date finding relator to be in contempt of court. As punishment relator was fined one dollar and costs and was ordered confined in jail for twenty four hours and until the fine and costs and the further sum of $585.00, representing the total of delinquent support payments, were paid. Enforcement of the judgment was ordered suspended until December 17, 1960.

On the facts before us we are constrained to hold that relator was denied constitutional due process. He was afforded only two days notice of the hearing on September 10th which formed the basis of the judgment. His appearance for the hearing was not a voluntary appearance but was made under compulsion of the show cause order. He was not represented by counsel. There is nothing in the record to indicate that he knew or was advised that he was entitled to further time under the statute and the rule in which to obtain counsel and prepare for trial. Under the circumstances his failure to protest or to demand further time cannot be taken as a waiver of his rights or as consent to trial.

Most of the decided cases in this field are criminal cases and go off on the complete failure to give notice or the absence of counsel. Our conclusion finds support in a few cases, however, and is certainly not without support in reason.

In In re Petrie, 40 Wash. 2d 809, 246 P. 2d 465, a probation officer filed a complaint on February 7th to terminate parental rights and place a child for adoption. Hearing was set on the complaint for February 13th at 10:00 a.m. Summons was served on the mother at 2:30 p.m. on February 12th., a legal holiday. The mother appeared at the appointed time with her husband, who was not the father of the child. The husband stated that their attorney was unable to be present and consented that the hearing proceed. The Supreme Court of Washington held that procedural due process was denied by the brevity of time allowed for preparing for the hearing and declined to apply the doctrine of waiver even though the husband had consented to the hearing and the mother had not sought a continuance.

In Ex parte Hejda, 118 Texas 218, 13 S.W. 2d 57, this court held that relator, who was charged with violating an injunction and was brought into court by arrest under a writ of attachment, judgment being entered the same day, was denied constitutional due process. We said: " 'Due process of law' ordinarily includes: (a) Hearing before condemnation; (b) accordance of reasonable opportunity to prepare for the hearing. Mandate of reasonableness of opportunity may not be attenuated to mere formal observance by judicial action, * * *." In the course of the opinion we cited, among other cases, Roller v. Holly, 176 U.S. 398, 20 Sup. Ct. 410, 44 L. Ed. 520, in which the Supreme Court of the United States held that five days notice to a nonresident who was so situated that he could not have reached the place of trial until the day before trial was a denial of due process, and in which the court observed that in a serious matter one should not be required to answer the first day of practical opportunity or even on the next day.

We are not to be understood as holding that trials for constructive contempt conducted upon less than ten days notice in this type of proceeding will constitute a denial of constitutional due process in all instances. No clear and definite line can be drawn between that length of notice which will afford due process and that which will not. Each case must be evaluated on its own facts. The facts which are important here are the brevity of notice, the physical handicap of relator and resulting difficulty of communication and understanding, the absence of counsel at the hearing, the failure to advise relator of his right under the statute and rule to additional time in which to obtain counsel and prepare for trial, and the failure to permit the introduction of further evidence when tendered by counsel who was promptly employed. A longer period for preparation, the presence of counsel and the receipt of additional evidence might not have led to a different judgment, but due process required that a reasonable opportunity for exerting those influences on the court's judgment be afforded. Ex Parte Ratliff, 117 Texas 325, 3 S.W. 2d 406; Cooke v. United States, 267 U.S. 517, 45 Sup. Ct. 390, 69 L. Ed. 767.

As heretofore stated, the ten day notice provisions of the statute and the rule are in mandatory language. Due process questions can usually be avoided by fixing the date of hearing at a time which will permit service of the show cause order more than ten days prior thereto. If the date of service does not afford the prescribed ten days notice and the relator appears without counsel, such questions may be avoided by advising the relator of his rights and postponing the hearing.

It becomes unnecessary to determine whether the judgment has support in the evidence.

Relator is ordered discharged.

Opinion delivered February 22, 1961.