**Ex parte Anthony D. COX, Relator.**

**No. 15909.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 16, 1972.

Rehearing Denied April 13, 1972.

Haynes & Fullenweider, Donn C. Fullenweider, Houston, for appellant.

COLEMAN, Justice.

Relator, Anthony D. Cox, was confined in the County jail of Harris County, under a written commitment issued by the Court of Domestic Relations No. 4 of Harris County on December 22, 1971. He filed a writ of habeas corpus as an original proceeding in this court, and was released on bond by order of this court pending a determination of the validity of the judgment ordering him confined.

The facts leading to this application for writ of habeas corpus are as follows: Relator and Yoko Ono Cox, now Yoko Ono Lennon, hereinafter referred to as Respondent, were formerly married and a child, Kyoko Cox, was born of that marriage on August 3, 1963. On January 30, 1969, the parties were divorced by the District Court of the Virgin Islands, but the decree of divorce expressly provided that questions relating to the care, custody, and control of the minor child, Kyoko, would be left open for future determination by a court of competent jurisdiction. The child resided with the Relator in Harris County from the time of the divorce until Relator filed suit against Respondent for custody of the child and to enjoin Respondent from filing various lawsuits in other jurisdictions for custody also. The case was heard and on December 17, 1971, an agreed order was entered awarding Relator temporary custody pending final disposition with certain visitation rights on the part of Respondent. The pertinent parts of these visitation rights are set forth below:

"(a) Before the Defendant shall be permitted to visit with the child, the Defendant must first exercise a visitation period with the child in Houston, Harris County, Texas, after reasonable notice to the Plaintiff, at which time the Defendant may see the child and visit with the child at any place in Houston, Harris County, Texas from the hours of 8:00 a. m. until the hours of 8:00 p. m. on

a Saturday when the child shall be returned to the Plaintiff Anthony D. Cox, and on the following day, Sunday, the Defendant may have visitation privileges with the child in Harris County, Texas from the hours of 8:00 a. m. to the hours of 8:00 p. m.

". . . .

"(c) After the aforementioned Houston visitation has been established then the Defendant shall have the following rights of visitation with the child, Kyoko Cox:

"(d) The Defendant, Yoko Ono Lennon, may visit with the child Kyoko Cox, on alternating weekends with the first visitation beginning the 18th of December, 1971 beginning at the hour of 6:00 p. m. on Friday and ending at the hour of 9:00 p. m. on Sunday. Said visitation shall be on an alternate basis between the State of Texas and the City of New York or any other location within the continental limits of the contiguous states of The United States of America. It is understood that before taking the child outside the State of Texas for any period of visitation, the Defendant must have exercised the previous visitation with said child in the State of Texas.

". . . .

"(f) The Defendant, Yoko Ono Lennon, may have a period of visitation with said child for a period of 10 days during the Christmas school vacation, at a time when the child's school is not in regular session, and said visitation may take place outside the continental limits of the contiguous states of The United States of America.

". . . ."

On December 20, 1971 Respondent filed a complaint alleging Relator was in contempt of the court's order in that she was not allowed to visit her daughter pursuant to that order. A hearing was had on December 22, 1971, and Relator was found in contempt for having failed to produce the child under paragraphs (a) and (f).

Relator's punishment was assessed at confinement in the County jail for five (5) days. Relator then filed this application for writ of habeas corpus.

The attorney for Relator was informed that Respondent was planning to come to Harris County on December 18, 1971, pursuant to the visitation period described in paragraph (a) of the order and exercise her rights provided therein. Mrs. Lennon arrived in Harris County the morning of December 18, 1971. Edward G. Murr, her attorney, testified that on the same morning Relator telephoned him and informed Mr. Murr that he (Relator) was not going to produce the child. Relator's testimony is that he telephoned Mr. Murr to make arrangements for a meeting and was informed for the first time that Mrs. Lennon wasn't going to pick up the child, but that Mr. Murr was. He stated that this upset his daughter and that the daughter wanted her mother to pick her up, not anyone else, and that she became so upset that he would not give Mr. Murr the address to pick up the child. Many conversations took place between the attorneys, Mr. Cox, and a minister at whose house the child was on that Saturday and the following Sunday. The parties could not reach a satisfactory arrangement and as a result, Mrs. Lennon did not visit the child that weekend.

Relator felt that his daughter did not want to be picked up by anyone except her mother, and he feared that if he permitted any other arrangment it might cause her severe emotional distress.

Apparently the reason for not producing the child is best reflected by Relator's answer to questions propounded by the court.

"Q. In your opinion at this time, it would upset your child to visit with her mother?

"A. Disastrous.

"Q. And as long as you feel that way you wouldn't agree that she could visit her mother, is that correct?

"A. Well, I don't want to violate the order, Your Honor. I also want to

maintain my responsibility as custodian and as father of the child and to do what is best for her and in that respect I would.

"Q. You would what?

"A. I would follow her wishes."

The writ of habeas corpus is a writ of right provided for in Article 1, § 12 of our Texas Constitution, Vernon's Ann.St. The object of the writ is to secure the release of a party from illegal custody, and not to allow him another tribunal to correct errors. Ex parte Beamer, 116 Tex. 39, 285 S.W. 255 (1926). Habeas corpus proceedings are collateral and not direct attacks on the proceedings under which the restraint complained of has been imposed. Ex parte Ramzy, Jr., 424 S.W. 2d 220 (Tex.1968), and the court is limited in these proceedings to a question of whether or not the commitment is void. Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720 (1936). Relator is not entitled to discharge in a habeas corpus proceeding unless the judgment ordering him confined is void. Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184 (1953).

In Relator's application for a writ of habeas corpus, he asserts four grounds for his contention that his confinement and restraint are illegal. All are without merit. The assignments are:

(1) The court was without power to order confinement for five (5) days. This assignment is without merit. Tex. Rev.Civ.Stat.Ann. Art. 1911a provides that a district court may punish for contempt by fine not exceeding $500.00 and/or confinement in the county jail for not more than six months.

(2) The order is void in that Relator was denied due process of law on the basis that contempt proceedings were initiated on December 20, 1971, and the hearing held on December 22, 1971, and this was not adequate notice of the contempt hearing, citing Ex parte Davis, 161 Tex.

561, 344 S.W.2d 153 (1961). Ex parte Davis has been more fully explained by the language found in Ex parte Cardwell, 416 S.W.2d 382 (Tex.1967). In determining whether due process has been accorded a party, the court will consider the complete record including all evidence presented at that contempt hearing. Ex parte Elmore, 161 Tex. 585, 342 S.W.2d 558 (1961). Ten days' notice is required by Article 4639a, V.A.C.S.; however, the Supreme Court in Ex parte Cardwell, supra, reserved the right to make a case-by-case analysis of due process by stating at page 384:

"We have held that while the *language* of the statute [4639a] and the rule [Tex. R.Civ.P. 308–A] is mandatory, trials for contempt conducted upon less than ten days' notice will not constitute a denial of constitutional due process in all instances; and contempt judgments based on such trials may, therefore, be valid. Where there is less than ten days' notice, the relator may be entitled to be discharged because of a lack of due process. Ex parte Davis, 161 Tex. 561, 344 S.W. 2d 153 (1961). As we said in *Davis,* each case must be evaluated on its own facts."

In Davis, supra, the Relator was given notice two days prior to a show cause hearing. The Relator was a deaf mute and appeared without counsel. He was not advised nor did he know that he was entitled to further time under the statute (4639a, supra) and the rule (308–A, Texas Rules of Civil Procedure, supra) in which to obtain counsel and prepare for trial. Our Supreme Court held that under *these* particular circumstances Relator had been denied constitutional due process.

While Relator only had two days' notice of the contempt hearing, he did not seek a postponement, and as evidenced by the record he was fully and adequately represented by counsel. He placed witnesses on the stand and cross-examined others thoroughly. The order which he was charged with violating was a tem-

porary order in a pending case, wherein he was plaintiff and was represented by the attorney of his choice. His refusal to allow visitation continued. It was necessary to determine whether his action was justified. Mrs. Lennon is a nonresident, and had traveled a long distance to exercise her right of visitation. Each day the hearing was delayed necessarily prejudiced her. Under the circumstances the short notice of the hearing was justified. Relator has not been denied due process and this point is overruled.

■ (3) The order is void because as a concerned parent Relator was emotionally and psychologically unable to comply with the order. Ex parte Kollenborn, 154 Tex. 223, 276 S.W.2d 251 (1955), and Ex parte Townsley, 156 Tex. 402, 297 S.W.2d 111 (1956), are cited to support this point. In Kollenborn the court noted that it couldn't weigh the evidence to determine whether it preponderated against the judgment, but could treat the contempt order as void if the evidence offered at the hearing conclusively established involuntary inability to perform, citing Ex parte White, 154 Tex. 126, 274 S.W.2d 542 (1955). No cases have been found discussing emotional or psychological inability to perform a court order, and it is unnecessary to do so here. The evidence does not establish that Relator was unable to perform. The trial court found that he was unwilling to do so, and this finding is supported by the evidence.

■ In Relator's oral argument before the court, he asserted that Relator had been held in contempt for violating an "implied provision" in the order in that it did not require that he turn the child over to someone other than Respondent. The order does not require that Respondent pick up the child. Relator's refusal to give up the child to anyone except Respondent does not establish involuntary inability to perform the order which would establish failure to afford due process. Ex parte White, supra.

(4) The order is too vague, ambiguous, and indefinite as to be incapable of enforcement. Relator cites in support of this point Ex parte Slavin, 412 S.W.2d 43 (Tex. 1967). The Supreme Court there held at page 44:

"It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." (Citing cases.)

■ The order as to visitations is clear and definite. It is not ambiguous. The point is without merit.

Relator's application is denied and he is ordered remanded to the custody of the Sheriff of Harris County, Texas.