**Ex parte Ronald Erwin SPAIN.**

**No. 929.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 7, 1973.

Travis Johnson, Johnson, Moore & Williamson, Houston, for relator.

Coleman G. Carter, Pasadena, for respondent.

TUNKS, Chief Justice.

In June of 1969 Ronald Erwin Spain, relator, and Pamala Lynn Spain were divorced. The divorce decree provided that relator was to pay child support in the amount of $50 per month until he "completed his education." On the occurrence of that event the support payments were to increase to the amount of $75 per month and to continue until the child reached the age of eighteen.

On September 6, 1973, a hearing was held in the Court of Domestic Relations # 4 of Harris County, in which relator was held to be in contempt of the support order. He was ordered to jail for three days and thereafter until he paid $2000 and costs. Relator appeared without the aid of counsel at that hearing. There was no court reporter present at the September 6 hearing, and no record was made of the evidence relating to Spain's ability to pay $2,000.

On September 10, 1973, relator, while confined in jail and after he had served all of the time in jail provided for by the punishment portion of the court's order, filed an instrument with the court which was captioned "MOTION FOR RELEASE." On September 11 a hearing was held on this motion. Relator's attorney, in his opening statement to the court, said:

> "Mr. Spain was held in contempt last Thursday by the Court and was not represented, and there wasn't a record made, and the 14th Court (of Civil Appeals) and the 1st Court (of Civil Appeals) won't accept a writ without a record." (parenthesis added)

Also, in the motion itself the relator stated that he desired a hearing for the purpose of preparing a statement of facts for the Court of Civil Appeals.

On September 13 the trial court withdrew and revoked the order of September 6 and ordered relator confined in jail for ninety days. The new order did not include any coercive provision.

In this original habeas corpus proceeding relator claims that he has been denied due process of law. We must agree with this contention.

Contempt proceedings are quasi-criminal in nature. Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153 (1961). In this case the trial court apparently treated the motion for release as a motion for new trial. This was improper because relator had already served the three-day punishment portion of the September 6 order. It was a deprivation of due process to punish him twice for the same act of contumacy. While it might have been permissible for the trial court initially to order relator confined for ninety days, the method actually utilized rendered the second punishment order void. Furthermore, if the relator becomes in arrears as to those payments accruing after September 11, 1973, he will properly be subject to another contempt order, after notice and hearing, because of such subsequent arrearage.

The relator is ordered discharged from custody.