**Ex parte Burl HOOVER, Relator.**

**No. 6440.**

Court of Civil Appeals of Texas, El Paso.

**Feb. 12, 1975.**

**484**

James J. Crook, El Paso, for relator.

OPINION

OSBORN, Justice.

This is an original habeas corpus proceeding under Article 1824a, Vernon's Tex.Rev.Civ.Stat.Ann., to secure the release of the Relator, Burl Hoover, who had been adjudged in contempt of the Court of Domestic Relations of El Paso County, Texas, for failure to make child support payments and for violation of an injunction. The writ is granted and Relator is ordered discharged.

On June 22, 1972, a divorce was granted to Relator's wife, Annelore Hoover, in the Court of Domestic Relations of El Paso County, Texas. Mrs. Hoover was granted custody of the parties' three minor children and Relator was ordered to pay into the Registry of the Court the sum of $50.00 per week until the youngest child reaches the age of 18 years, plus 50% of his military retirement benefits were awarded to Mrs. Hoover. He was also enjoined from interfering with her. On November 14, 1973, Mrs. Hoover filed in the same divorce proceeding a motion to have Relator held in contempt reciting violation of injunction provisions concerning contact with his ex-wife, and a failure to make some of the support payments as required by the divorce decree. The motion stated Relator paid $4,657.00 out of $5,760.00 due for child support and retirement benefits as provided for in the divorce decree. On that same day, the Domestic Relations' judge signed an order which required Relator to appear before the Court at 10:00 A.M. on the 6th day of December, 1973, to show cause why he should not be held in contempt of Court. The notice, with a copy of the Court's order attached to it, was served on Relator, according to the return of the Deputy Sheriff, at 7:45 P.M. on November 27, 1973.

When the cause came on for hearing on December 6, 1973, Relator failed to appear or make any answer. The Court proceeded to hear evidence and found the Relator

in arrears on his payments in the amount of $1,103.00 and held him in contempt. He was ordered confined in the County Jail until said sum was paid. He was also found in contempt for violating the provisions of the injunction and assessed a fine of $250.00 and sentenced to 60 days in jail.

Mr. Hoover was arrested on September 19, 1974, and confined in the County Jail for 82 days when we ordered his release on bond on December 11, 1974. He has paid the $250.00 fine, served the 60-day sentence, and now contends in this proceeding that he is without funds to purge himself of the other provisions of the contempt order.

■ A habeas corpus proceeding is a collateral attack upon the order of commitment and the Relator is entitled to be discharged only if " * * * it affirmatively appears that the judgment ordering his confinement is void, thus depriving the court of jurisdiction and as a result thereof, he is restrained of his liberty without due process of law." Greenhill and Beirne, Habeas Corpus Proceedings in the Supreme Court of Texas, 1 St. Mary's L.J. 1, 10 (1969). See also Ex parte Rhodes, 163 Tex. 31, 352 S.W.2d 249 (1961); Ex parte La Rocca, 154 Tex. 618, 282 S.W.2d 700 (1955); Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833 (1953).

"In order that due process be fulfilled, a party must be given notice of proceedings instituted against him." 1 St. Mary's L.J. 1, 18, supra. Rule 308–A, Texas Rules of Civil Procedure, provides that notice of the show cause order shall be served on the defaulting party "not less than ten days prior to the hearing on such order to show cause." Section 14.09 of the Texas Family Code, V.T.C.A., also requires compliance with Rule 308–A, Tex.R.Civ.P., in enforcing an order for support. In this case the notice was served on November 27, 1973, and the hearing held on December 6, 1973, the ninth day after service. Nevertheless, the contempt order recites that "the Respondent (Relator herein), though duly and properly served in the time and manner required by law," failed to appear or answer.

In Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153 (1961), the Court released the Relator who was served with notice only two days before the hearing. In doing so the Court noted that the ten-day notice provision is in mandatory language. In that case the Relator did in fact appear at the time required, but under the circumstances the Court concluded that he had been denied due process of law and ordered him discharged.

■ The Supreme Court of Texas again reached the same results in Ex parte Cardwell, 416 S.W.2d 382 (1967), where the Relator was arrested and jailed until a contempt hearing was held three days later. In that case the Court went behind a recital in the contempt order which stated that Cardwell had been "duly cited." The Court in that case again noted that the notice provision is mandatory, and following that holding we conclude that unless a person appears and is ready and willing to have a hearing in less than ten days, it is a denial of due process to hold him in contempt where there has not been compliance with the notice provision in Rule 308–A.

We conclude that the contempt order of December 6, 1973, is void and Relator is ordered discharged.