**Ex parte A. R. BOYLE, Jr., Relator.**

**No. 16838.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 2, 1976.

Rehearing Denied Jan. 6, 1977.

in contempt of court for failure to pay child support in an "orderly, regular, and due manner." He was ordered held for one day and until payment of court costs, including an attorney's fee of $150. The record consists of the statement of facts, the application for writ of habeas corpus, and copies of the divorce decree, the contempt order, the docket sheet, the commitment order, and the child support records.

The relator contends in his petition for a writ of *habeas corpus* that 1) the commitment order is void because he was denied due process of law in that he did not have ten days' notice of the hearing (as provided by § 14.09, Vernon's Texas Family Code and Rule 308–A, Texas Rules of Civil Procedure), and 2) when the commitment order was entered he had overpaid the amount of child support by $150. In his brief he says the commitment order is void for the additional reasons that it improperly orders him to pay an attorney's fee as a condition for release and that he was unable to comply with the order of child support. Relator is remanded to custody.

A habeas corpus proceeding is a collateral attack upon the order of commitment, and the relator is entitled to be discharged only if the judgment ordering him confined is void. *Ex Parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249 (1961); *Ex parte Hoover,* 520 S.W.2d 483 (Tex.Civ.App.1975, no writ).

A court may enforce an order for support as provided in Rule 308–A, Texas Rules of Civil Procedure:

"In cases where the court has ordered periodical payments for the support of a child or children, as provided in the statutes relating to divorce, and it is claimed that such order has been disobeyed, the person claiming that such disobedience has occurred shall make same known to the judge of the court ordering such payments . . . Upon the filing of such statement, or upon his own motion, the court may issue a show cause order to the person alleged to have disobeyed such support order, commanding him to appear and show cause why he should not be

Kilgarlin, Dixon & Hancock, Warren E. Hancock, Jr., Houston, for relator.

PEDEN, Justice.

In this original *habeas corpus* proceeding the relator, Mr. A. R. Boyle, Jr., seeks to be discharged from custody after being found

held in contempt of court. Notice of such order shall be served on the respondent in such proceedings in the manner provided in Rule 21a, not less than ten days prior to the hearing on such order to show cause . . . Upon a finding of such disobedience, the court may enforce its judgment by orders as in other cases of civil contempt . . . "

 When served with notice of the contempt hearing, the relator was $550 in arrears. He paid that amount plus $150 more some six days after he was served with process and two days before the hearing in question.

The divorce decree had ordered the relator to pay child support on the 5th and 20th of each month "until the children with respect to whom payments are made shall attain the age of eighteen." The court found the relator in contempt because of his failure to make the child support payments when they became due in defiance of the terms of the decree. The child support records indicate this was a frequent occurrence. The fact that relator was not in arrears at the time of the hearing does not render the court's judgment void; the relator repeatedly failed to comply with the time provisions of the divorce decree.

 The relator was served with the process on October 20, 1976, and the hearing was held on October 28, 1976. In support of his position that since he did not have ten days' notice of the hearing the trial court did not have jurisdiction and he was deprived of due process of law, he cites *Ex parte Davis,* 344 S.W.2d 153 (Tex.1961) and *Ex parte Cardwell,* 416 S.W.2d 382 (Tex.1967).

The holding of a contempt hearing within less than ten days from the date of service of a show cause order is a procedural irregularity only. The court does not lack jurisdiction because the hearing was held within less than ten days. On the other hand, holding the hearing in less than ten days after service of notice may constitute a denial of due process. No clear and definite line can be drawn between that length of notice which will afford due process and that which will not. Each case must be evaluated on its own facts. Factors which, together, constitute a denial of due process are: only two days' notice to a relator who was a deaf mute and thus had a difficult time communicating and understanding, who had no attorney, and who was not advised that he could have additional time to obtain counsel and prepare for trial, plus the failure of the trial court to permit the introduction of further evidence when tendered by counsel who had been promptly employed. *Ex parte Davis,* 161 Tex. 561, 344 S.W.2d 153 (Tex.1961).

In our case the relator appeared at the hearing eight days after service of notice upon him, accompanied by counsel of his own choice, and participated fully in the hearing. We presume his attorney advised him of his right to a continuance for two days. He did not ask for one, object to the lack of notice, or challenge the jurisdiction of the court. He testified about various matters including his take-home pay and his financial condition, and had with him, when he testified, his pay stubs and four letters indicating he was past due on some of his other debts. It appears that he was ready and willing to have the hearing. We hold that there was no denial of due process.

 Boyle next says that the order of commitment is void in that it improperly requires him to pay attorney's fees as a condition for release from continued confinement, which fees were not authorized by Rule 308–A. He contends that he is not required to pay the attorney's fee of the movant because 1) he was not in default of his obligation of support when the commitment order was entered, and 2) because the record does not reflect that the attorney for the movant was appointed by the court, arguing that Rule 308–A applies only to the fixing of a fee for a court-appointed attorney. We do not agree with either of these contentions. As to the first, it is clear that the relator was in default when cited and that he did not automatically purge himself of contempt by paying the arrearage. As to the second of these contentions, Rule

308–A provides that the judge of the court ordering the child support payments may appoint an attorney to represent the complainant, and also states:

"Except with the consent of the court, no fee shall be charged by or paid to the attorney representing the claimant for his services. If the court shall be of the opinion that an attorney's fee shall be paid, the same shall be assessed against the party in default and collected as costs."

We know of no logical reason why a movant should be unable to obtain help in paying an attorney's fee for securing compliance with the court's order unless the services of a court-appointed attorney were utilized, and we find nothing in Rule 308–A to so restrict the court. It would be easy for the court to appoint counsel already selected by the movant. In our case the record does not show whether the judge did or did not appoint the attorney who represented her.

The Supreme Court held in *Ex parte Helms,* 152 Tex. 480, 259 S.W.2d 184 (1953), that the collection of an attorney's fee allowed the complainant and charged as costs, as well as other costs in the proceedings, could be enforced by a contempt order.

"The attorney's fee is but a part of the procedural remedy for enforcing substantive rights and the fee allowed as well as costs in the proceeding is incidental to and a part of the payments necessary for the support of the minors."

See also *Ex parte Savelle,* 398 S.W.2d 918 (Tex.1966).

■ The relator also complains that the order of commitment is void in that it requires him to pay an attorney's fee when none was requested by the movant in the motion for contempt.

The quoted second paragraph of Rule 308–A provides that except with the consent of the court, no fee shall be charged by or paid to the attorney representing the claimant for his services. The first paragraph of that rule requires a written statement, verified by the affidavit of the claimant, describing the claimed disobedience of the court's order. It later states in that paragraph that "no further written pleadings shall be required." It was within the court's discretion to award the attorney's fees. Further, in non-jury hearings issues tried by implied consent of the parties may be considered as if raised by the pleadings. Rule 67, T.R.C.P. The attorney for the movant asked for attorney's fees during the hearing in our case. He stated that this was the fourth or fifth setting and asked for $200 attorney's fee and court costs.

■ Relator's last complaint is that the order of commitment is void in that he was without funds and was unable to comply with the order of child support. We review his testimony on this matter. He was late on his last child support payment because he didn't have the money. When he received $1,000 from the proceeds of an insurance sale in October, he paid $762 of it for back child support. He tried to borrow money from institutions against that anticipated payment, but he had zero credit.

To order that one be imprisoned for an indefinite period in a civil contempt is purely a remedial measure. Its purpose is to coerce the contemner to do an act within his power to perform. Where he cannot perform the act which alone will purge him of contempt, the court is without power to imprison him for an indefinite term as punishment for an offense already committed. *Ex parte De Wees,* 146 Tex. 564, 210 S.W.2d 145 (1948).

In our case the relator was ordered confined for one day as punishment. He has made no showing that he is now unable to purge himself of the coercive part of his commitment by paying the costs of court, including an attorney's fee.

It is ordered that the relator be remanded to the Sheriff of Harris County.