**Ex parte Arlen Y. STURDIVANT.**

**No. 8450.**

Court of Civil Appeals of Texas, Texarkana.

Dec. 7, 1976.

Jack O. Herrington, Lovett & Herrington, Clarksville, for appellant.

Pat C. Beadle, Beadle & Beadle, Clarksville, for appellee.

CORNELIUS, Justice.

This is an original habeas corpus proceeding by which Relator seeks release from a commitment for contempt issued by the District Court of Red River County, Texas.

Relator was adjudged guilty of contempt for failure to comply with a child support order. He contends that the adjudication of contempt and the resulting commitment are void because he was not given ten (10) days prior notice of the contempt hearing as required by Rule 308–A of Texas Rules of Civil Procedure and Section 14.09 of the Texas Family Code.

Relator and Mary Margaret Sturdivant were divorced by the 102nd Judicial District Court of Red River County on May 4, 1973. Mrs. Sturdivant was awarded custody of the three children born to their marriage and Relator was ordered to pay certain child support payments. Subsequent to the divorce various motions for contempt and pleadings to modify the support provisions were filed. On August 30, 1976, Mrs. Sturdivant filed a "Petition to Modify Judgment." On September 20, 1976, a hearing was held in the 102nd Judicial District Court, at the conclusion of which the court entered judgment against Relator for the sum of $13,000.00 and ordered the child support payments increased to $1,502.50 per month. On October 4, 1976, Mrs. Sturdivant filed a petition to have Relator adjudged guilty of contempt for failure to pay' the increased child support. A hearing on the motion was set for 10:00 a. m. on October 8, 1976, and on October 4th a "notice of hearing to show cause" was issued to Relator ordering him to appear at such hearing and show cause why he should not be adjudged in contempt. The notice was served on Relator at 12:30 p. m. on October 6, 1976. Relator failed to appear at the appointed time but the hearing proceeded in his absence and resulted in his being adjudged in contempt. A fine of $1.00 was imposed and Relator was committed to jail for seven days and until he purged himself of contempt by the payment of $1,502.50 child support.

To secure the relief sought, Relator is required to demonstrate that the commitment itself, or the order upon which it was based, was void. *Ex Parte Davis,* 161 Tex. 561, 344 S.W.2d 153 (1961); *Ex Parte Helms,* 152 Tex. 480, 259 S.W.2d 184 (1953).

Rule 308–A specifically requires that notice of a show cause hearing in a proceeding such as this ". . . shall be served on the respondent . . . not less than ten days prior to the hearing on such order to show cause." See also Sec. 14.09, Texas Family Code. Nevertheless, the failure to give the required notice will not render the proceeding void unless the lack of notice amounts to a denial of constitu-

**514**

tional due process. *Ex Parte Davis,* supra; *Ex Parte Cardwell,* 416 S.W.2d 382 (Tex. 1967); *Ex Parte Hoover,* 520 S.W.2d 483 (Tex.Civ.App.1975). We will not speculate on the amount of notice or the type of circumstances which will render a hearing after less than ten days notice merely irregular rather than void. Each case must be judged upon its own facts. *Ex Parte Davis,* supra. But the facts of the instant proceeding, we believe, compel a ruling that due process was denied. The notice was served less than two days prior to the hearing. Relator did not appear at the hearing either in person or by counsel. There is no indication of waiver or consent. To hold under these circumstances that Relator has been afforded due process by receiving less than two days' notice when the rule and the statute explicitly require ten days would seem to be wholly unwarranted. Our Supreme Court in *Ex Parte Davis,* supra, held that a contempt adjudication entered after only two days' notice constituted a denial of due process even though the Relator appeared at the hearing.

Relator is ordered discharged.