Ex Parte Arlen Y. **STURDIVANT**.

No. 8457.

Court of Civil Appeals of Texas, Texarkana.

May 3, 1977.

Rehearing Denied May 31, 1977.

County Jail of Panola County on November 22, 1976, in response to the command of a Commitment signed by the Judge of the 102nd Judicial District Court of Red River County. Relator was admitted to bond by this Court pending a determination of the validity of such restraint.

The issue in this appeal is narrowed by relator's brief to failure of the District Court of Red River County to afford the relator due process of law guaranteed by Article 1, Sec. 19 of the Constitution of Texas and the Fifth and Fourteenth Amendments to the Constitution of the United States.

Complaint in the form of a verified petition signed by Mary Margaret Sturdivant, divorced wife of the relator, was filed on November 5, 1976, in the District Court of Red River County. The petition alleged the relator failed and refused to pay child support as theretofore ordered and prayed that he be held in contempt of court and imprisoned until he complied with the support order. The trial judge considered the petition and concluded that it stated grounds for relief and entered an order containing this language:

> "YOU, the said Arlen Y. Sturdivant, are therefore ORDERED to be and appear in and before the 102nd Judicial District Court of Red River County, Texas, in the County Courthouse, in the City of Clarksville, Texas, in said County, on the 19th day of November, 1976, at 10:00 o'clock, A. M., to show cause why you should not be punished for your conduct in so failing to comply with the Order of this Court, . . . ."

This order was attached to a precept to serve and was served on the relator November 10, 1976.

From the dates of service and hearing, it is apparent that relator was not given ten days prior notice of the contempt hearing. Both by statute, Texas Family Code Sec. 14.09(c), and rule, Tex.R.Civ.P. 308-A, an alleged defaulter in child support cases is allowed ten days prior notice of such hearing. The purpose of such ten day

Jack O. Herrington, Lovett & Herrington, Clarksville, for appellant.

Pat C. Beadle, Beadle & Beadle, Clarksville, for appellee.

CHADICK, Chief Justice.

This is a habeas corpus case. The relator, Arlen Y. Sturdivant, was confined in the

notice is to afford reasonable opportunity for the alleged defaulter to "employ counsel, gather evidence, subpoena witnesses and prepare for trial." *Ex Parte Davis,* 161 Tex. 561, 344 S.W.2d 153 (1961); *Ex Parte Cardwell,* 416 S.W.2d 382 (Tex.1967). These and other authorities hold that failure to afford ten day prior notice standing alone, is not a denial of due process. But when the statute and rule are disregarded, the length of prior notice that will afford due process and the length that will not, depend upon the facts and circumstances in the case under examination. *Ex Parte Davis,* supra; *Ex Parte Cardwell,* supra.

The record shows the relator was commanded by solemn and lawful order of the District Court to be in and appear at the place and hour therein stated on November 19, 1976, to show cause why he should not be punished for contempt. In *Ex Parte Davis,* supra, it is said:

> "The person charged may not ignore the show cause order as he might ignore citation in a civil suit. He is commanded by the court to appear, and if he ignores the command he may be brought in under a capias."

Relator did not appear or object to commencement of the hearing on the date set. He takes the stand in this Court that failure to give him a full ten day prior notice deprived him of constitutional due process and that the judgment of contempt entered pursuant to the November 19, 1976 hearing is void. In support of his position, relator cites *Ex Parte Hoover,* 520 S.W.2d 483 (Tex. Civ.App. El Paso, 1975, no writ). This court is unable to distinguish this case from *Ex Parte Hoover* on any meaningful ground. However, the instant case must be decided on its own merit.

No effort is made by relator herein to excuse obedience to the court's command because relator needed additional time to employ counsel, gather evidence, subpoena witnesses, or otherwise prepare for trial. In a judicial context due process requires a proceeding "adapted to the nature of the case, in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights". 16A C.J.S. Constitutional Law § 567. Conducting the hearing upon less than ten days notice is an irregularity that would become a denial of due process if it deprived or adversely affected the relator's ability to assert and defend his interest. There is no suggestion that lack of ten day prior notice had an adverse effect upon the relator's ability to assert his interest or defend himself or that his interest or defense was curtailed, hindered or embarrassed by failure to receive such notice. Consequently, the record does not show that the relator was denied due process.

Under the record, it becomes the duty of this Court to remand the relator to the custody of the sheriff of Panola County. It is so ORDERED.