**Ex parte Edward BRISCOE, Relator.**

**No. 17019.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 29, 1977.

Rehearing Denied Jan. 19, 1978.

---

Alvis O. L. Rogers, Houston, for appellant.

Orsburn & Browning, Charles C. Orsburn, Houston, for appellee.

EVANS, Justice.

This is an original habeas corpus proceeding.

The relator, Edward Briscoe, was held in contempt for failure to make child support payments. The court's order of commitment dated July 14, 1977 recites that relator had failed to comply with the terms of the prior decree of divorce dated January 8, 1973, directing that relator pay the amount of $11.00 per child each week, and that relator was in arrears of such child support payments in the total sum of $2718.00. The order of commitment directed that relator be confined for a period of one day and until he purged himself of the contempt by paying the sum of $125.00 as attorney's fees and the sum of $1700.00 on the arrearage.

In his verified application for writ of habeas corpus the relator alleges that the order of commitment is void because the notice of the show cause hearing is unclear as to the date he was ordered to appear. He also alleges that he is unable to pay the amount specified in the order of commitment and therefore does not have the means to purge himself of the contempt. He further alleges that he was confined in the Harris County jail on or about July 14, 1977, as a result of the order of commitment, and that some 35 days later, at the time of filing his application on August 18, 1977 he was still confined. Upon the filing of relator's application, this court ordered relator released from custody under bond.

The order of commitment recites that the contempt hearing was held on July 14, 1977. The notice of the hearing, which was issued September 30, 1976 but not served on relator until June 13, 1977, recites that relator is to appear before the court on July 14, 1977 "then and there to show cause in accordance with a certified copy of the order of the court hereto attached." However, the show cause order served upon relator with the notice, and which was dated and entered on September 28, 1976, orders relator to appear before the court at a show cause hearing on July 14, 1976. Thus, the notice served upon relator does not conform to the show cause order as to the date upon which relator was ordered to appear.

■ In a constructive contempt proceedings the trial court acquires jurisdiction of the person charged with contempt only through the issuance and service of a valid show cause order requiring that such person appear and show cause why he should not be held in contempt. *Ex Parte Davis*, 161 Tex. 561, 344 S.W.2d 153, 155 (1961). A person is not accorded due process unless the notice of the hearing is issued and served in accordance with the requirements of Rule 308–A, Tex.R.Civ.P.; *Ex Parte Edgerly*, 441 S.W.2d 514, 516 (Tex.1969); *Ex Parte Cardwell*, 416 S.W.2d 382 (Tex. 1967). The issuance of the notice, is a ministerial act on the part of the clerk, and due process is dependent upon the issuance and service of a valid show cause order. *Ex Parte Hodge*, 389 S.W.2d 463 (Tex.1965); *Ex Parte Davis*, supra.

■ The record does not affirmatively show whether the relator was actually present at the contempt hearing on July 14, 1977, nor whether he was represented by counsel. The recitation in the order of commitment that relator was "duly cited" does not prevent this court from considering the entire record to determine the validity of the notice which was served upon the relator. *Ex Parte Cardwell*, supra. Since the record demonstrates the absence of a show cause order requiring relator to appear before the court for a contempt hearing on July 14, 1977, and there being no showing that relator voluntarily made an appearance at said hearing and knowingly and intelligently waived any invalidity in the manner of notice required by law, this court must hold that the trial court failed to obtain jurisdiction over relator's person and that the order of commitment is, therefore, invalid.

This disposition renders it unnecessary that we consider relator's allegation that he is financially unable to purge himself of the contempt.

The relator is ordered discharged.