Ex parte Jimmy JOHNSON, Relator.

No. 14,158.

Court of Appeals of Texas,
Austin.

April 25, 1984.

John Paul Jones, Austin, for relator.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Relator, Jimmy Johnson, files this original habeas corpus proceeding after being held in contempt by the district court of San Saba County and sentenced to incarceration for ninety days in the San Saba County Jail.

Relator raises three points of error, but because of our disposition of the first point, we will not address the remaining two. By his first point of error, relator contends that the district court erred in finding him in contempt of court when he was not present at the hearing.

In *Ex parte Johnson,* 654 S.W.2d 415 (Tex.1983), the Texas Supreme Court held that the proper procedure to follow when an individual is cited for contempt and fails to appear is not to hold the hearing in his absence, but rather to bring the individual into court pursuant to a capias or a writ of attachment. The alleged contemnor's presence is required to insure that he has been accorded due process.

The judgment of contempt in the instant case recites that relator was cited, answered, and appeared at the hearing. However, this Court is not bound by such recitations, and will consider the entire record to determine whether relator was accorded due process. *Ex parte Cardwell,* 416 S.W.2d 382 (Tex.1967); *Ex parte Briscoe,* 561 S.W.2d 26 (Tex.Civ.App.1977, no writ).

An examination of the record reveals that the district court's docket sheet recites that relator was absent from the hearing. The statement of facts from the hearing also shows that neither relator nor an attorney made an appearance in his behalf.

■ Because the district court erred in proceeding with the hearing in relator's absence the order holding him in contempt must be set aside. Relator is ordered discharged.