Opinion issued December 21, 2005












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-01117-CV
____________
 
 
IN RE DAMIAN HOWARD JOHNSON, Relator
 
 

 
 
Original Proceeding on Petition for Writ of Habeas Corpus
 

 
 
MEMORANDUM OPINION
          Relator, Damian Howard Johnson, seeks habeas corpus relief from a September
29, 2005 order for capias. We deny relief.
Factual Background
          A month before their 1998 marriage, Damian and real party in interest, Carol-Leigh Johnson, entered into a prenuptial agreement in which both parties agreed to
forego any alimony payments. In 2004, Carol initiated divorce proceedings, which
are still pending. On July 28, 2005, after hearing, the trial court entered an order that
on July 29, 2005, Damian pay Carol’s counsel $20,000, interim attorney’s fees, as
temporary spousal support for Carol. On August 5, 2005, Carol filed a motion for
enforcement, alleging that Damian had not delivered the $20,000 as ordered. In it,
she requested that the trial court hold Damian in contempt and jail him as punitive
and coercive measures for this violation of the July 28 order. On August 5, 2005, the
trial court ordered Damian to appear on September 29, 2005 to respond to Carol’s
motion for enforcement, the purpose of the hearing being to determine whether the
relief Carol requested should be granted.
          Damian did not appear at the September 29 hearing. Carol requested that the
trial court issue a capias for Damian for his failure to appear. The trial court, after
reviewing the pleadings and hearing the argument of counsel, found that the matter
was duly and properly set for hearing, that Damian was personally served with
citation and timely notice to appear, that all due process requirements for notification
were properly fulfilled, and that Damian failed to appear. The trial court further
found that Damian had attempted to evade service of process. Additionally, the trial
court found that $20,000 bond would be reasonable, conditioned on Damian’s
promise to appear in court for a hearing without further service of citation. The trial
court ordered that the clerk of the court issue a writ of capias directing authorized
officers to bring Damian’s body before the trial court to answer Carol’s allegations
in her motion of enforcement and that if Damian attempted to post the cash bond that
the detaining authority contact the trial court before Damian’s release to determine
the date and time of hearing for inclusion in the bond conditions.
          Damian, who entered into the premarital agreement in Harris County, Texas,
and who with Carol jointly owns a residence in Harris County, maintains that he is
a resident of Missouri, and that the capias places a restriction on his liberty in that “he
has no ability to travel to Texas.” Damian asserts that by this proceeding, he seeks
a writ of habeas corpus to set aside the September 29 capias order because in light of
the premarital agreement, it was an abuse of discretion for the trial court to
characterize the interim fees as spousal support and enforce the same by contempt.
Standard of Review
          A relator is not entitled to discharge in a habeas corpus proceeding unless the
judgment ordering him confined is void either because it exceeded the court’s power
or because it deprived relator of his liberty without due process of law. In re
Aguilera, 37 S.W.3d 43, 53 (Tex. App.—El Paso 2000, orig. proceeding) (citing Ex
parte Davis, 344 S.W.2d 153, 154-55 (Tex. 1961); Ex parte Friedman, 808 S.W.2d
166, 168 (Tex. App.—El Paso 1991, orig. proceeding).
Analysis 
          In his petition, Damian initially and superficially purports to be challenging the
trial court’s September 29, 2005 order for capias, but then proceeds to substantively
attack the trial court’s holding characterizing the $20,000 interim attorney’s fees as
temporary spousal support, which is contained in its July 28, 2005 “Amended Order
for Spousal Support as Interim Attorney’s Fees.” Damian contends that the trial court
abused its discretion by awarding interim attorney’s fees as spousal support because,
in so doing, it overrode the parties’ prenuptial contractual agreement to forego
alimony payments. This contention, however, does not show that the order for capias
is void as beyond the trial court’s power to issue it or that it deprived him of his
liberty without due process of law. Damian does not deny that he was properly
served with notice of the September 29 hearing, that he attempted to evade service
of process for the hearing, or that he failed to appear at the hearing. Moreover, the
Texas Family Code explicitly authorizes trial courts to issue an order for capias in
such situations as follows: 
If a respondent who has been personally served with notice to appear at
a hearing does not appear at the designated time, place, and date to
respond to a motion for enforcement of an existing court order,
regardless of whether the motion is joined with other claims or remedies,
the court may not hold the respondent in contempt but may, on proper
proof, grant default judgment for the relief sought and issue capias for
the arrest of respondent.

Tex. Fam. Code Ann. § 157.066 (Vernon 2002); see also Aguilera, 37 S.W.3d at 55
(holding that trial court was authorized under § 157.066 to issue capias for relator
who was duly noticed about enforcement hearing, failed to appear for hearing, and
was not adjudicated to be in contempt).
Conclusion
          We deny habeas corpus relief.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.