ACCEPTED
14-17-00886-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/20/2017 3:29 PM
CHRISTOPHER PRINE
CLERK

NO. 14-17-00886-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/20/2017 3:29:01 PM
CHRISTOPHER A. PRINE
Clerk

*In re ERNIE R. WEST,*

*Relator.*

*Original Proceeding from Cause No. 2016-85288*
*312th District Court, Harris County, Texas*
*Honorable David Farr, Judge Presiding, Respondent*

## RELATOR'S MOTION FOR REHEARING

MILLARD A. JOHNSON
State Bar No. 10772500
C. KEITH LEA
State Bar No. 24048269
SARA J. SHERMAN
State Bar No. 24068168

**Johnson DeLuca Kurisky & Gould,**
**A Professional Corporation**
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
Tel.: (713) 652-2525
Fax: (713) 652-5130

**ATTORNEYS FOR RELATOR**

# REHEARING POINT

**Point One:**   West was denied due process for his Motion for Protection. Implicit in the Court's denial of mandamus relief is the determination that the subsequent hearing, relating to other issues, served to cure the constitutional invalidity of the prior orders. **The only remedy for a denial of due process is due process. Because the October 4, 2017 hearing was not a rehearing of West's Motion for Protection and was not an evidentiary hearing that hearing could not cure the constitutional infirmities that resulted from the Court's prior due process violations.**

1

## RELATOR'S MOTION FOR REHEARING

Pursuant to Texas Rule of Appellate Procedure 52.9, Relator West respectfully requests that the Court take another look at West's Amended Petition for Writ of Mandamus. The record reflects that the trial court refused to apply the law to West, carving out unwritten exceptions for certain non-parties, and denying him a full and meaningful hearing on his requested relief. Implicit in this Court's ruling is that West's denial of due process was cured by later hearings. A later hearing, however, unless conducted with the same evidentiary burdens, cannot cure prior constitutionally defective proceedings. Thus, without a writ of mandamus, this Court will be endorsing the Texas family court's practice of selectively applying the law and violating non-parties' due process rights afforded under Texas law.

Because West is a non-party, he has no adequate remedy on appeal as a matter of law. *See e.g.*, *City of Hous. v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Cent. Mut. Ins. Co. v. Dunker*, 799 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965).[1] The Court, therefore, must have based its denial of mandamus relief on the first prong only—whether the trial court

---

[1] While in certain circumstances non-parties may be joined in the lawsuit—in which they would be provided an adequate remedy on appeal—here, the record establishes that West would never be joined in this litigation.

committed a clear abuse of discretion.  Accordingly, this Motion for Rehearing will be limited to the trial court's clear abuse of discretion.

**The trial court abused its discretion when it refused to apply the law to West and carved out exceptions for certain non-parties—"[p]rocess which is a mere gesture is not due process."**

Texas Rule of Civil Procedure 176.6(e) provides that any person commanded to appear at deposition and/or to produce documents, may move for a protective order under Rule 192.6(b).  West did that.  The trial court had the authority to protect West from the discovery only *if West could establish* that the discovery was unduly burdensome, harassing, annoying, or an invasion of personal, constitutional, or property rights.  Tex. R. Civ. P. 192.6(b).  Inherent in the rule is the requirement that the resisting party produce evidence and establish the right to relief.  *See, e.g.*, *In Matter of Issuance of Subpoenas Depositions of Bennett*, 502 S.W.3d 373, 380–81 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987)).  Here, the trial court refused to apply the law when it refused West the opportunity to have a full hearing on his evidentiary burden.

The record is replete with the trial court's own admissions that it was not following the rules or the law:

```
THE COURT: … there is not a reason
for me to not allow them to depose a
non-party who they believe has
relevant information. App. 714:4-5.
```

3

> ...
> ... there is not a reason that he would not be somebody they would have a right to depose.  App. 715:6-8.
>
> ...
> So, Mr. Johnson, your client is going to be deposed. ... The Court finds he is subject to being deposed.   App. 723:12-13; 15-16.
>
> ...
>
> THE COURT: In our world in family court is not going to block that deposition. App. 731:13-14.
>
> ...
>
> Well, the appellate court is going to love this. I can't imagine why the deposition will be quashed. I can't imagine my doing that. As far as how it's limited and when it occurs, I can certainly see working on that. If that helps at all, let's see if we can move this along.  App. 467:4-9.

These statements, all but one made prior to the presentation of any evidence and the other made in middle of West's presentation of evidence, unequivocally broadcasts that non-parties will be treated differently in the family courts and that Rule 192.6 will be ignored because of that status.  The trial court has no discretion to carve out an exception that abridges the rights to due process of non-parties mandated by Texas law—stated in other words; the opportunity to move for protection is meaningless without a fair opportunity to meet the evidentiary burden

placed on the movant. The trial court ignored the law, which was a clear abuse of discretion.

Because the trial court openly disregarded the law and refused to allow West *a meaningful evidentiary hearing on his requested relief*—full protection from the discovery because of its improper purpose, among other issues—everything that followed was hollow. "[P]rocess which is a mere gesture is not due process." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). The United States Supreme Court has observed the follows:

> The right to a hearing embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one.

*Morgan v. United States*, 304 U.S. 1, 18, 58 S. Ct. 773, 776, 82 L. Ed. 1129 (1938).

The United States Supreme Court has also recognized that "the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions." *Carey v. Piphus*, 435 U.S. 247, 266, 98 S. Ct. 1042, 1054, 55 L. Ed. 2d 252 (1978) (citing *Boddie v. Connecticut*, 401 U.S. 371, 375, 91 S.Ct. 780, 784, 28 L.Ed.2d 113 (1971); *Anti-Fascist Comm. v. McGrath*, 341 U.S., at 171–72, 71 S.Ct., at 648–49 (Frankfurter, J., concurring) (analyzing this principle when determining whether nominal damages should be

afforded for due process violations). This same concept was additionally examined by the Texas Supreme Court in *Ex parte Davis*, when the Court noted that while "the receipt of additional evidence [among other factors] might not have led to a different judgment, due process required that a reasonable opportunity for exerting those influences on the court's judgment be afforded." *Ex parte Davis*, 161 Tex. 561, 566, 344 S.W.2d 153, 157 (1961).

Thus, the determination here is not, and cannot be, whether the outcome may be different or that the trial court may have reached the right results. The law is clear that no result can stand in the face of due process violations.

**Once the trial court violated West's due process rights on his motion for protection, the constitutional infirmities could only be cured by a second evidentiary hearing on his motion.**

As the trial court's admission that it was not applying the law constitutes an abuse of discretion and denial of due process, this Court's denial of mandamus relief implies that this Court found that future hearings cured the constitutional violations. They cannot because West was never given the opportunity to fully present evidence and thus, meet his burden of proof on his motion for protection.

The evidentiary burden placed on West for establishing a right for protection is real and not purely theoretical. The law requires West to meet his evidentiary burden in order to obtain the relief he requested. During the April 25, 2017 hearing, after hearing only a brief amount of evidence, the Court advised West that

6

his request for complete protection was denied and he would only be allowed to present evidence for the purpose of imposing certain limitations.[2] Thus, he was curtailed from the having the opportunity to meet his burden of proof. Then, during the October 4, 2017 hearing, while some of the issues were discussed, it was not a motion for protection hearing and there was no evidence presented.[3]

"A fundamental requirement of due process is the opportunity to be heard." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783) (internal quotation marks omitted). "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Id.* As the Texas Supreme Court stated in *University of Texas Medical School v. Than*, "the remedy for a denial of due process is due process." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995) (citing *Perry v. Sindermann*, 408 U.S. 593, 603, 92 S.Ct. 2694, 2700–01, 33 L.Ed.2d 570 (1972) (upon proof of protected interest, professor whose contract was not renewed is not entitled to reinstatement but to hearing comporting with due process); *McIntire v. State*, 698 S.W.2d 652, 661–62 (Tex. Crim. App. 1985) (remedy for failure to grant hearing on motion for new trial is a hearing, not a new trial). In *Than*, the Supreme Court held that because of due

---

[2] App. 467:4–9.
[3] *See generally* Supp. App. 2–165.

process violations occurring in the medical student's original expulsion proceedings, he must be entitled to another expulsion hearing to cure the constitutional defects. *See id. at* 933–34.

Here, the trial court could have only fully accorded West due process by either allowing a full hearing prior to its ruling or by considering the issue anew under the same evidentiary standards. Once his due process rights were violated, only a second hearing on the same standards would have wiped the slate clean. Only that would have restored West to the position he would have occupied had due process of law been accorded to him in the first place. *See Armstrong*, 380 U.S. at 552.

Accordingly, West has not asked this Court to grant any relief on his motion for protection. Instead, as Texas law provides, West respectfully requests that this Court reconsider his request for mandamus and, after full briefing and oral argument, direct the trial court to provide West a full and meaningful evidentiary hearing on his motion that comports with due process.

## PRAYER

For these reasons, Ernie R. West asks the Court to reconsider its denial of West's petition for writ of mandamus, that the Court order oral argument, and that with or without oral argument, this Court grant West's petition for writ of

8

mandamus, and order the relief sought therein. The relief is not onerous and is not beyond what the law provides. West only asks this Court to order that the trial court provide West his due process rights, which dictate a complete and meaningful hearing on his Motion for Protection. West also prays for all other relief to which he may be entitled.

Respectfully submitted,

JOHNSON, DELUCA, KURISKY & GOULD,
a Professional Corporation

By: */s/ Millard A. Johnson*
      Millard A. Johnson
      Texas Bar No. 10772500
      mjohnson@jdkglaw.com
      C. Keith Lea
      Texas Bar No. 24048269
      klea@jdkglaw.com
      Sara J. Sherman
      Texas Bar No. 24068168
      ssherman@jdkglaw.com
      4 Houston Center
      1221 Lamar Street, Suite 1000
      Houston, Texas 77010
      (713) 652-2525 (Telephone)
      (713) 652-5130 (Facsimile)

**ATTORNEYS FOR RELATOR ERNIE R. WEST**

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been delivered via the court's electronic filing system to all counsel of record on this, the 20th day of December, 2017, as follows:

Maisie A. Barringer
Adam Dietrich
Jenkins & Kamin LLP
Two Greenway Plaza, Suite 600
Houston, Texas 77046
Phone: 713-600-5500
Fax: 713-600-5501
***Attorneys for Real Party in Interest***
***Jon Monroe***

Ruby Bolton
The Bolton Law Firm, PC
724 W. Main St.
Tomball, TX 77375
Phone: 281-351-7897
***Attorney for Real Party in Interest***
***Shawna Monroe***

*/s/ Millard A. Johnson*
Millard A. Johnson

## CERTIFICATIONS

The undersigned counsel for Relator hereby certifies that the computer program used to prepare this Motion for Rehearing shows that the applicable word count pursuant to Texas Rule of Appellate Procedure 9.4(i)(1) is 1,765 words, including footnotes. This document also complies with the typeface requirement of Texas Rule of Appellate Procedure because it has been prepared in 14 point Times New Roman font.

*/s/ Millard A. Johnson*
Millard A. Johnson