**Ex parte Harvey Allen HART.**

**No. 18614.**

Court of Civil Appeals of Texas, Dallas.

March 4, 1975.

Robert I. Knopf, Atwell, Cain & Davenport, Dallas, for appellant.

Weldon Parkhill, Watson & Parkhill, Grand Prairie, for appellee.

AKIN, Justice.

This is a habeas corpus proceeding brought under Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon's Supp.1974). Harvey Allen Hart (hereinafter referred to as relator) was found in contempt on 26 June 1974 by a domestic relations court of Dallas County for failing to pay child support as previously ordered by the court. On 22 November 1974 a purported commitment order was entered by the court, and relator was subsequently confined to the county jail on 7 February 1975. We granted bail pending final hearing before this court.

Relator contends that the contempt order is void for the following reasons: (1) the 26 June 1974 order denied relator due process of law by allowing imprisonment to occur based solely upon the affidavit of Margaret Hart Parker, without a hearing affording relator an opportunity to show why he failed to pay the support ordered; and (2) the purported order of commitment of 22 November 1974 recited that it was suspended and, hence, was not a commitment of relator to jail. We agree.

On 26 June 1974 relator was held in contempt of court for wilfully disobeying a previous order of the court dated 9 April 1973. The court found that respondent was in arrears in his child support payments in the amount of $4,485, and ordered him to be confined to the county jail for a period of three days and thereafter until respondent has fully purged himself of contempt by paying the amount of arrearage. The order further suspended the contempt sentence conditioned upon relator's payment of $50 per week for current child support and $10 per week to be applied to arrearage. It also contained the following language: "It is further ordered that all commitments, writs, attachments and other process necessary for the enforcement of this order be issued by *affidavit* by the petitioner [Margaret Hart Parker] that respondent [relator] has failed to pay the payments as above provided, *without any further notice to the respondent.*" [Emphasis added.]

This contempt order permitting commitment to occur upon affidavit is patently void. If relator Hart was involuntarily unable to make the support payments, as he here argues, then he should be afforded the opportunity to prove such inability. The contempt order of 26 June 1974 did not provide for a hearing before attachment and no hearing was permitted by the trial court. We hold that an order finding a person in contempt but suspending punishment on condition of compliance with the court's order, provides no authority in itself for arrest and confinement. A subsequent hearing to determine breach of the condition and a subsequent unconditional commitment is necessary. *See* Ex parte Hodge, 389 S.W.2d 463 (Tex.1965); Ex parte Hardin, 161 Tex. 567, 344 S.W.2d 152 (1961); Ex parte Winfree, 153 Tex. 12, 263 S.W.2d 154, 157 (1953).

Due process of law under Tex. Const. art. I, § 19, Vernon's Ann.St., and U.S.Const. amend. XIV, § 1 requires at a minimum notice and hearing before a person is imprisoned for contempt. *E. g.*, Ex parte Peterson, 444 S.W.2d 286, 288 (Tex. 1969). This contempt order sanctions imprisonment without providing relator an opportunity to present to the court his reasons for failing to pay the support ordered. Conceivably, Hart could have been confined even if Parker's affidavit was false. We cannot approve such procedures.

On 22 November 1974, based solely upon an affidavit filed by respondent Parker, the domestic relations court attempted to revoke the conditional contempt sentence of 26 June 1974 and entered the following order:

IT IS FURTHER ORDERED that all commitments, writs, attachments and other process necessary for the enforcement of this order be issued. *Enforcement of this order suspended for ——— days.*

IT IS FURTHER ORDERED that all commitments, writs, and attachments and other process necessary for the enforcement of this order be issued. Enforcement of this order suspended upon condition Harvey Allen Hart pay $50. per week, each week ($5. to apply on the arrearage), beginning on Friday, April 13, 1973, and a like payment on Friday of each and every week thereafter until all arrearage is satisfied. On 11–22–74 it appearing to the Court that respondent has failed to comply with the terms of suspension, it is hereby ordered that suspension be revoked and attachment issue. [Emphasis added.]

This order is ambiguous on its face. It states that enforcement is suspended in the first paragraph and then orders attachment in the second paragraph. We hold that this is *not* an unconditional commitment of relator to jail because it suspends enforcement for an indefinite period. Thus, relator has been incarcerated *without* a commitment order.

His confinement is also illegal because the court has made no order specifying the amount he must pay to purge himself of contempt. That amount was fixed on 26 June 1974, but he was not immediately confined at that time, and, presumably, he has made subsequent payments on the arrearage, since respondent Parker did not file her affidavit until 4 November 1974. A commitment order must specify in clear language the actions which the contemnor must perform in order to gain release. Ex parte Proctor, 398 S.W.2d 917, 918 (Tex.1966); Ex parte Holloway, 490 S.W.2d 624, 627 (Tex.Civ.App.—Dallas 1973, no writ); Ex parte Carlton, 443 S.W.2d 61, 62 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

Moreover, because the trial judge did not require the court reporter to record the testimony during the trial court's proceedings, no statement of facts is available. The failure of the trial court to require the attendance of the reporter is in clear violation of Tex.Rev.Civ.Stat.Ann. art. 2324 (Vernon's 1971), which provides:

Each Official Court Reporter *shall*: Attend all sessions of the court; take full shorthand notes of all oral testimony offered in cases tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto. [Emphasis added.]

We *strongly* disapprove of the trial court proceeding without a record of the testimony by a court reporter in violation of a *mandatory* statute. This is particularly true when the hearing may result in a person's incarceration. Whatley v. Whatley, 493 S.W.2d 299, 301 (Tex.Civ.App.—Dallas 1973, no writ); Ex parte Dennis Ronald Thompson, 520 S.W.2d 955 (Tex.Civ.App.—Dallas 1975,).

It is accordingly ordered that relator's writ of habeas corpus be granted and that relator be discharged.