Ex parte James F. SAUSER. Original Proceeding Writ of Habeas Corpus.

No. 19316.

Court of Civil Appeals of Texas, Dallas.

June 24, 1977.

R. Hugh Hodges, Dallas, for appellant.

GUITTARD, Chief Justice.

Relator, James F. Sauser, has applied for a writ of habeas corpus under Texas Revised Civil Statutes Annotated article 1824a (Vernon Supp.1976), directed to the Sheriff of Dallas County, who had arrested him and confined him to jail. The papers filed in this court show that the sheriff acted under an order of one of the district courts of Travis County in a proceeding to enforce a previous order for child support. On filing the application we ordered the relator to be released on bail pending a hearing in this court. We now hold that the latest order of the district court is void because it ordered relator's immediate arrest without notice or hearing. Consequently, the writ of habeas corpus is granted, and relator is ordered discharged from custody.

The original order of the district court holding relator in contempt is dated May 25, 1976, and was signed June 18, 1976. That order recites that relator is guilty of contempt for failing to make child support payments in the amount of $2,890. His punishment is assessed at a $500 fine and six months' confinement in jail. The order provides, however, that the issuance of the commitment is suspended so long as relator should continue to make certain periodic payments "through the Registry of the

Court, the Domestic Relations Office." The order further provides:

It is FURTHER ORDERED in case of any default, the Domestic Relations Office, the Registry of this Court, may certify in writing such default of this Court, and without further notice or hearing, this Court will order the issuance of a capias pro fine for the arrest of James F. Sauser to be brought before the Court instanter, to show cause why the sentence now suspended should not be executed in full, and for such other proceedings as are proper.

Subsequently, on April 8, 1977, a "Motion to Revoke Suspension" was filed by an investigator for the Domestic Relations Division of the Juvenile Court of Travis County, alleging under oath that according to the records in the domestic relations office, relator had failed to pay $882 of the total amount of $2,772 due under the court's previous order. A certified record of payments is attached to this motion. The court then signed another order, dated April 15, 1977, reciting that the court had examined the evidence (evidently without any notice to relator) and had found that relator was "now failing to comply with the order of this Court when he could and should have done otherwise." This order further provides:

It is THEREFORE ORDERED, ADJUDGED and DECREED that the suspension of the execution of the order entered herein on the 25th day of May 1976, be and the same is hereby set aside, and that the judgment of the Court entered in this cause on said date is now ordered executed; and the Clerk of this Court is hereby directed to issue a Capias pro Fine for the immediate arrest and for the said JAMES F. SAUSER to be held in custody of the Sheriff of Travis County, Texas and to be brought before the Court instanter to show cause why the sentence previously suspended should not be executed in full, and for such other proceedings as are proper.

Pursuant to this order, the clerk of the district court issued a writ addressed to the sheriff or constable of any county in the state, as follows:

You are THEREFORE COMMANDED to take into custody the body of said respondent, James F. Sauser, if he be found in your county, and to deliver the said respondent into the custody of the Sheriff of Travis County, Texas, to be held in custody by said Sheriff and to be brought before the Court instanter to show cause why the sentence previously suspended should not be executed in full, and return of this Capias you will make according to law.

The return on this writ shows that on May 17, 1977, the Sheriff of Dallas County arrested relator and placed him in the Dallas County jail. There he remained until May 20, when he was granted bail by one of the justices of this court.

■ Although the contempt order in question appears to be punitive rather than coercive, we have jurisdiction to grant a writ of habeas corpus under article 1824a since relator's liberty is restrained on account of violation of an order in a child support case. See Ex parte Morris, 162 Tex. 530, 349 S.W.2d 99, 101 (1961); Ex parte Jones, 160 Tex. 321, 331 S.W.2d 202, 205 (1960).

■ Relator contends that his confinement violates due process because he was not afforded notice and hearing before his confinement in jail. We agree. Presumably, proper notice and hearing were provided before the order of May 25, 1976, finding him in contempt and fixing his punishment. That punishment, however, was not then imposed. It was "suspended" so long as relator made certain payments. Our question is whether on default in any such payment, the court had authority to examine the evidence of the alleged default without notice or hearing and order relator's immediate arrest. We have been unable to discover any authority for this procedure. It is well settled, of course, that imprisonment for contempt without notice and hearing is a denial of due process. Ex parte Herring, 438 S.W.2d 801, 803 (Tex.1969); Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153, 156

(1961). Moreover, even when a person has been found in contempt for violation of the court's order, but his punishment is suspended on condition of compliance, the court must afford him a subsequent hearing to determine breach of the condition and must issue an unconditional order of commitment. *Ex parte Hart*, 520 S.W.2d 952, 953 (Tex.Civ.App.—Dallas 1975, no writ). Consequently, we hold that the district court was not authorized to order relator's immediate arrest and confinement without notice and hearing.

We recognize that in this case the order of May 1976 did not, as did the order in *Hart*, order relator's immediate confinement on filing of an affidavit showing noncompliance with the order. Here the court entered another order in April 1977 reciting the noncompliance, and, although it seems to order the earlier sentence of contempt to be carried out immediately, it directs the sheriff to bring relator before the court instanter to show cause why the punishment should not be imposed as originally ordered. Even so, we hold that this procedure does not provide due process. No proper notice of the subsequent hearing was given. We need not determine whether the full ten-days' notice specified in Texas Rules of Civil Procedure 308a was required. The supreme court has said that the holding of a contempt hearing within less than ten days from the date on which a show-cause order is served is a procedural irregularity which does not affect the court's jurisdiction and may or may not constitute denial of due process, depending on the circumstances. *Ex parte Davis*, 161 Tex. 561, 344 S.W.2d 153, 155, 157 (1961). More recently, in *Ex parte Hoover*, 520 S.W.2d 483, 485 (Tex.Civ.App.—El Paso 1975, no writ), the El Paso Court of Civil Appeals has held that due process requires the full ten-days' notice.

In the present case if relator had any notice at all, it was only by the "capias pro fine," under which he was arrested and confined in jail. Instead of having the ten days specified in rule 308a to prepare for the hearing, he was kept in custody, and if this court had not granted bail, he would have had little opportunity to make his defense to the charge that he had again violated the court's order. If any notice at all was required, this procedure did not provide it. *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex.1967). Consequently, we hold that the requirement of due process was not met by the provision in the order of April 1977 that he should be immediately arrested and brought before the court to show cause why his sentence should not be served.

The use of an attachment of the person in this situation has been questioned by the supreme court. *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex.1967) *note 2*. That court has recognized that if the person charged does not appear as commanded by the notice, he may be brought in by such a writ. *Ex parte Davis*, 161 Tex. 561, 344 S.W.2d 153, 156 (1961). Nothing in the present record indicates that a show-cause notice was served and disregarded. Rather, the present application for writ of habeas corpus states that relator was arrested without any previous notice, and the original order of May 1976 apparently contemplates that on default of any of the conditions specified, a "capias pro fine" would be issued without further notice. We recognize that at the time of that order the requirement of due process had presumably been met and the court might properly have ordered relator to jail immediately to begin serving his sentence. Since it did not do so, but conditioned his punishment on further acts of default, we hold that due process required another notice and hearing before he could be deprived of his liberty.

█ Moreover, even if the order for relator's arrest could be considered valid, relator's confinement in the Dallas County jail was improper because such confinement was not authorized by the writ under which the sheriff acted in taking relator into custody. The writ commanded the sheriff to deliver the relator to the Sheriff of Travis County, who was ordered to take him "instanter" before the district court. The return shows that the Sheriff of Dallas County did not obey the writ in this respect, but

242

rather confined relator to the Dallas County jail, where he might remain to this day if this court had not granted bail.

Relator discharged.