**Ex parte Robert E. LEE.**

**No. 17197.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 15, 1978.

Rehearing Granted July 13, 1978.

James M. Beauchamp, Houston, for appellant.

Roger B. Williams, Houston, for appellee.

PEDEN, Justice.

Robert E. Lee filed this application for writ of habeas corpus seeking release from a commitment for failure to make child support payments. A judgment signed on March 29, 1978 provided that he be confined for five days and thereafter until he paid, through the county support section, the arrearage of $825 plus an attorney's fee of $370 and costs, but enforcement of the order was suspended on condition that he pay $500 on the arrearage, pay the attorney's fee and costs by April 15, and appear before the court at 9 A.M. on April 17, 1978. After a hearing on April 17, the trial judge ordered the relator committed. He contends that the pleading filed by his wife will not support the court's action, that no evidence was produced at the commitment hearing, and that the commitment order does not require that he be confined to jail for more than five days. We order the relator released after he has served the five-day sentence.

The pleading filed by Mrs. Lee was a sworn "Statement of Claimant for Child Support under Rule 308–A." In it she stated that she was filing it under Rule 308–A, quoted at length the support provision of the trial court's previous order and further alleged that:

II.

"Robert E. Lee, Respondent, who is the person ordered to make the payments described above, has willfully disobeyed the order by failing to make the following payments as ordered.

"Respondent was ordered to pay the sum of $150.00 per month in child support from October 1, 1977, until further Order of the Court. During that period, Respondent paid nothing and is in arrearage $525.00 as of January 1, 1978. Respondent has willfully disobeyed the order of this Court.

III.

"The children for whom the payments were ordered have not reached the age of 18 years, and the order referred to above has not been in any way altered, changed, or amended."

Relator's first contention is that the complaint filed by Mrs. Lee merely states facts to the court for the purpose of having an attorney appointed, does not ask the court to do anything, and will not support the court's actions.

Rule 308–A of Texas Rules of Civil Procedure states:

"In cases where the court has ordered periodical payments for the support of a child or children, as provided in the statutes relating to divorce, and it is claimed that such order has been disobeyed, the person claiming that such disobedience has occurred shall make same known to the judge of the court ordering such payments. Such judge may thereupon appoint a member of the bar of his court to advise with and represent said claimant. It shall be the duty of said attorney, if he shall in good faith believe that said order has been contemptuously disobeyed, to file with the clerk of said court a written statement, verified by the affidavit of said claimant, describing such claimed disobedience . . . No further written pleadings shall be required . . . ."

■ Counsel for Mrs. Lee concedes that it would have been better to have prayed for specific relief, but, the rule simply requires a written statement verified by the claimant's affidavit describing the claimed disobedience and it specifically states that no further written pleadings are required. Relator appeared in response to an order to appear and show cause why he should not be held in contempt for willfully disobeying the court's order as shown in Mrs. Lee's statement. He has not shown that he was denied due process or otherwise prejudiced by a failure to receive more complete notification of the subject matter of the cause, nor has he shown that Mrs. Lee's statement was in any way inadequate. See *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex.1969).

The relator next contends that the commitment was illegal because at the hearing on April 17 "there was no evidence produced nor a hearing held to hear evidence to determine whether he had failed to comply with the order . . . of March 21, 1978 . . . ."

■ Where one has been found in contempt for violation of a court order but his punishment has been suspended on condition of compliance, the court must afford him a subsequent hearing to determine breach of the condition and must issue an unconditional order of commitment. *Ex parte Sauser*, 554 S.W.2d 239 (Tex.Civ.App. 1977, no writ); *Ex parte Hart*, 520 S.W.2d 952 (Tex.Civ.App.1975, no writ). In both of those cases the requirements of due process had presumably been met at the time of the original order but the relator's punishment was conditioned on further acts of default, and the order apparently contemplated that on default of the specified conditions an arrest warrant would be issued without further notice to the relator. Such procedure was held improper.

■ The relator in our case was afforded a subsequent hearing on April 17 to determine whether he had breached the March

21 order. He appeared in person at the April 17 hearing and his counsel stated that their contention was that Mrs. Lee's pleading did not raise the contempt issue. Hon. Herman Mead, presiding in the absence of Hon. John W. Peavy, Jr., declined to consider changing the presumed prior ruling that Mrs. Lee's pleading was sufficient. Mr. Williams, counsel for Mrs. Lee, then said the respondent had been ordered to appear (on April 17) to show compliance with the court's order or be sentenced to jail.

"Mr. Williams: That's what is before the Court. The payment is not made.

"The Court: Haven't made any. $500.

"Mr. Beauchamp: Our contention is the court's order of March 21 is not a valid, enforceable order."

The relator did not deny that he had failed to comply with the March 21 order, did not offer any explanation or excuse and was not denied an opportunity to do so. The only defensive position he took was that the contempt judgment of March 21 was invalid because Mrs. Lee's petition was inadequate. We hold that the relator was not denied due process as to the subsequent hearing.

Finally, the relator argues that he is entitled to be released after serving five days because the April 17 commitment states that his punishment is fixed at five days in jail, not five days and until he has paid the $825 arrearage (plus costs and an attorney's fee) as the order entered on March 29 tentatively provided. The pertinent provisions in the commitment stated:

"AND IT APPEARING to the Court that Robert E. Lee has been duly cited; and the Court after having heard all of the evidence and arguments offered in this matter, is of the opinion and so finds that the said Robert E. Lee is guilty of contempt of this Court in that he has failed and refused to pay child support as heretofore ordered in an amount of $825.00.

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that the said Robert E. Lee be and

is hereby found guilty of contempt of Court by reason of his failure and refusal to make the payments of child support heretofore ordered in an amount of $825.00 in defiance of the terms of the decree hereinabove referred to and his punishment for such contempt is here fixed at confinement in county jail of Harris County, Texas, for a period of 5 days and Costs of Court accrued herein in the amount of 59.00 & atty fees 370.00 Dollars at which time said Robert E. Lee shall be released from custody. All other cost adjudged against Relator."

It appears that no judgment of contempt was signed after the April 17 hearing, only the commitment order. We agree with the relator that the commitment does not contain a coercive provision.

■ Where a court confines a party for contempt until he obeys an order he has been found to have disobeyed, "the order should clearly state in what respect the court's order has been violated and that the party is committed to jail until the court's order is complied with to the extent required by the court." *Ex parte Proctor*, 398 S.W.2d 917 (Tex.1966).

■ The relator was released on bond, prior to serving all of his five-day sentence, pending the decision of this court. He is ordered returned to confinement until he has served the remainder of his five-day sentence and is ordered then released.

### On Motion for Rehearing

The relator's motion for rehearing is granted. He has now demonstrated that he has already served his five-day sentence.

Our opinion dated June 15, 1978 is amended to provide that the relator is ordered discharged.