**Ex Parte Jimmy GONZALES.**

**No. 9260.**

Court of Civil Appeals of Texas, Amarillo.

July 30, 1980.

Wagonseller, Cobb, Burrows & Snuggs, Thomas J. Turner, Lubbock, for relator.

No brief filed for respondent.

DODSON, Justice.

In this original habeas corpus proceeding under Texas Revised Civil Statutes Annotated article 1824a (Vernon Supp.1980), relator Jimmy Gonzales seeks release from the custody of the Sheriff of Terry County, Texas. Mr. Gonzales was incarcerated pursuant to a Writ of Commitment dated 26 June 1980 for failure to obey court orders relating to child support. On granting leave to file the application we ordered the relator released on personal recognizance bond pending resolution of this case. We now order Mr. Gonzales discharged from custody because the commitment order is void.

By a 21 November 1977 divorce decree, Mr. Gonzales was ordered to pay his former wife, Janie A. Gonzales, child support in the amount of $100 per month. On 7 December 1978, Mr. Gonzales was held in contempt by the district court of Terry County, Texas, for nonpayment of the child support. No commitment orders were issued, however, conditioned on the future performance of Mr. Gonzales to pay the support payments and the arrearages as ordered in the Judgment of Contempt.

As relevant to these proceedings, the Judgment of Contempt provides in part as follows:

It is accordingly so ordered, adjudged and decreed by the Court that the said Jimmy Gonzales be and is hereby held guilty of contempt of court by reason of his failure and refusal to make the payments of child support in defiance of the terms of the decree hereinabove referred to, and he is to continue to pay $100 each month for child support payments, plus $25.00 each month payment on the arreage [sic], with the first payment of $125.00 being due and payable on or before the 7th day of December 1978, and a like payment on or before the 7th day of each month thereafter until arrearage is paid; then payments will drop back to $100.00 per month due and payable on or before the 7th day of each month until further order of this Court.

\*     \*     \*     \*     \*     \*

It is further ordered that said Jimmy Gonzales may purge himself of such contempt by paying the sum of $125.00, as child support payments to Janie Gonzales each month, $100 for child support and $25 payment on arreage [sic] and also by paying all costs incurred herein, *and should Mr. Gonzales not comply with this order, Commitment papers will be issued for him, should he fail to make the monthly payments or the arrearage payments* (emphasis added).

Thus, the Judgment for Contempt, in effect, ordered that should Mr. Gonzales fail to make future child support payments or arrearage payments, then a writ of commitment will issue without further notice or hearing.

Under the 7 December 1978 Judgment for Contempt, commitment orders were issued on 14 May 1979, 4 October 1979, and 26 June 1980. Mr. Gonzales was released from the 14 May 1979 and 4 October 1979 commitments by paying the child support and arrearages due. It is for the 26 June 1980 commitment that relator now seeks release from incarceration.

The record reveals that the 26 June 1980 commitment was issued for child support payments which had accrued subsequent to the 7 December 1978 Judgment for Contempt and that the 26 June 1980 commitment was issued without further notice and hearing. Thus, the relator contends that his confinement violates due process because he was not afforded notice and a hearing before his incarceration. We agree.

It is well settled that imprisonment for contempt without actual or constructive notice and a hearing is a denial of due process. *See, e. g., Ex parte Herring*, 438 S.W.2d 801, 803 (Tex.1969); *Ex parte Davis*, 161 Tex. 561, 344 S.W.2d 153, 156 (1961); *Ex parte Garza*, 593 S.W.2d 114, 116 (Tex.Civ.App.‑‑Amarillo 1979, no writ). Although at the time the Judgment for Contempt was entered on 7 December 1978 all requirements of due process were presumably met, Mr. Gonzales' punishment was suspended on condition of compliance and the court must afford him a subsequent hearing to determine breach of the condition. *Ex parte Hart*, 520 S.W.2d 952, 953 (Tex.Civ. App.‑‑Dallas 1975, no writ). Thus, as the Dallas Court of Civil Appeals held in *Ex parte Sauser*, 554 S.W.2d 239, 241 (Tex.Civ. App.‑Dallas 1977, no writ), the district court was not authorized to order relator's immediate arrest and confinement without notice and hearing. We hold that due process required another notice and hearing before Mr. Gonzales could be deprived of his liberty, and consequently, the writ of commitment is void. Accordingly, relator is ordered discharged from custody and relieved of any liability on his personal recognizance bond.