**Ex parte Curtis Perry BUSH, Relator.**

**No. 1546.**

Court of Civil Appeals of Texas, Tyler.

July 2, 1981.

Guy N. Harrison, Longview, for relator.

Troy V. Smith, Texas Dept. of Human Resources, Tyler, for respondent.

MOORE, Justice.

This is an original proceeding for a writ of habeas corpus, brought by Curtis Perry Bush, relator. He was confined by order of the 307th District Court of Gregg County, Texas, for failure to make child support payments in accordance with an order of that court. Relator filed an application for writ of habeas corpus with this court, was

admitted to bail and released from confinement pending a hearing.

On December 20, 1976, a decree of legitimation was entered by the 307th District Court, wherein relator was declared to be the parent of Camille D. Russ. Delphine Russ, the mother of the child, was awarded managing conservatorship. Relator was appointed possessory conservator of the child and ordered to pay $15.00 per week beginning December 7, 1976, to the registry of the court.

On August 3, 1979, a motion was filed by the Texas Department of Human Resources to hold relator in contempt for his failure to pay child support in accordance with the order of the court. On September 27, 1979, relator was found guilty of contempt and in arrears in making of the payments by the sum of $575. The court entered an order of commitment on October 18, 1979, assessing punishment at three days confinement and until the arrearage was paid. On the same day the court entered an order releasing relator from confinement in Gregg County Jail conditioned upon the performance by relator of three conditions: (1) the payment of child support as previously ordered at $15.00 per week; (2) the payment of an additional sum of $10.00 per week until the arrearage of $575.00 is paid; and (3) the payment of $100.00 to be paid on or before September 27, 1979, to be applied to the arrearage of $575.00. The court further ordered:

> And if the said Curtis Perry Bush fail [sic] in any regard to perform any of the conditions set out above, then the Clerk of this Court shall issue an attachment and the Sheriff of Gregg County Texas shall hold the said Curtis Perry Bush under the said Order of Commitment dated 27 September 1979 in the Gregg County Jail until the said Curtis Perry Bush purges himself under the order of commitment.

The order did not provide for notice or hearing before the writ of attachment was issued and relator was confined.

On October 22, 1980, without notice to relator or a hearing, and evidently without an application or affidavit of any party, a writ of attachment was issued for the arrest and confinement of relator by the 307th District Court of Gregg County, Texas. On May 26, 1981, again without notice to relator or a hearing, the writ was executed and relator was confined by the Sheriff of Gregg County, Texas, whereupon he filed an application for a writ of habeas corpus.

It is the contention of relator that the court erred in issuing the writ of attachment without notice and without a hearing in order that relator could respond to the allegation that he had failed to keep the conditions imposed upon him by the court in its conditional release. We are of the opinion that this point should be sustained and relator discharged.

■ Due process of the law requires that a person be given notice and a hearing before he is imprisoned for failure to comply with a contempt order, in order that he may be able to respond to the allegations against him. *Ex parte Herring*, 438 S.W.2d 801 (Tex.1969); *Ex parte Crocker*, 609 S.W.2d 833 (Tex.Civ.App.—Tyler 1980, no writ). In this case the attachment order was issued without giving relator an opportunity to be heard as to whether he had violated the conditions of his release and as a result he was denied due process of law.

■ Respondent makes much of the fact that the order of commitment dated October 18, 1979, was an unconditional order for relator to be confined for three days and until the arrearage was paid and that it was the subsequent order of release from jail which was conditional upon compliance with its provisions. Respondent apparently is trying to distinguish this case from previous cases by this court and other courts, wherein the order of commitment was conditional. *Ex parte Crocker*, supra; *Ex parte Hart*, 520 S.W.2d 952 (Tex.Civ.App.—Dallas 1975, no writ). In those cases the

relator was incarcerated without notice or hearing for his default in performing the provisions of the conditional commitment order. It was held that before the relator could be confined for noncompliance of his conditional commitment order he must be given notice and hearing and the court must issue an unconditional commitment order. We fail to see any significant difference in this case. The relator was found in contempt of court but his punishment was suspended upon compliance with the order of the court. The failure of the court to accord relator notice and hearing was a denial of due process of law.

Relator is discharged.