**Ex parte Leandro PENA.**

**No. 2676.**

Court of Appeals of Texas, Corpus Christi.

June 10, 1982.

J. Manuel Banales, Corpus Christi, for appellant.

Michael Ryan, Tex. Dept. of Human Resources, Child Support Enforcement Unit, Corpus Christi, for appellee.

Before NYE, C. J., and BISSETT and YOUNG, JJ.

## OPINION

BISSETT, Justice.

This is an original proceeding for a writ of habeas corpus, brought by Leandro Pena, relator. He was confined in the Nueces County jail for failure to make child support payments in accordance with a previous order of the 148th District Court of Nueces County, Texas. On filing the application for a writ of habeas corpus in this Court, we ordered the relator released on bail pending a hearing in this Court. Such hearing was held on June 9, 1982.

On February 27, 1976, a decree of legitimation was rendered by the 148th District Court, wherein the relator was declared to be the parent of six (6) children, all of whom were under eighteen years of age, with the eldest having been born on June 5, 1963, and the youngest having been born on June 24, 1968. He was ordered to pay child support in the amount of fifteen ($15.00) dollars per week.

Relator became delinquent in his child support payments, and on December 23, 1977, pursuant to a motion previously filed by the Texas State Department of Public Welfare, and after due notice to the relator, the court held the relator in contempt of the court and ordered him confined for seven (7) days as punishment for his disobedience of the February 27, 1976 order of the court. The relator was ordered to resume his regular child support payments of fifteen ($15.00) dollars per week, and in addition, to pay twenty ($20.00) dollars per week, to be applied on the arrearage of child support payments in the total amount of nine hundred ninety ($990.00) dollars "until said arrearages are extinguished." However, while it was ordered that "commitment issue to the Sheriff of Nueces County," it was further ordered that "commitment shall be held in abeyance so long as Respondent shall faithfully make child support from date hereof in accordance with the orders of this court."

On March 26, 1979, the Texas Department of Human Resources filed a motion "to invoke suspension of the jail commitment" of the relator as provided in the December 23, 1977 order. Following a hearing on the motion, and after due notice to the relator, the court, by order signed on June 19, 1979, found that the relator was in contempt of court because of his failure to make child support payments in accordance with previous orders of the court. His punishment for contempt was fixed at ninety (90) days confinement in jail. It was also found that the relator was in arrears in such payments in the total amount of five hundred seventy ($570.00) dollars. Whereupon, the relator was ordered to immediately resume his regular weekly child support payments of fifteen ($15.00) dollars, and to also make additional payments of twenty ($20.00) dollars per week towards retiring the arrearage. It was again ordered that

"commitment issue to the Sheriff of Nueces County, Texas," but "that commitment shall be held in abeyance so long as Respondent shall faithfully make child support payments from date hereof in accordance with the orders of this court."

On April 23, 1980, the Texas Department of Human Resources filed a motion to revoke the suspension. After due notice to the relator, the motion was heard on May 28, 1980. The court found that the relator was delinquent in his child support payments, and by order signed on July 29, 1980, revoked relator's suspension and further ordered:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondent by reason of his failure to make child support payments as hereinbefore found by this Court, and his punishment for such disobedience previously suspended is here fixed by his confinement in the Nueces County, Texas, jail for a term of ninety (90) days and thereafter until he pays costs of Court and arrearage of child support payments in the amount of $570.00.

"THEREFORE, let commitment issue to the Sheriff of any county, Texas, accompanied by a copy of this judgment."

By order signed on August 4, 1980, the court found that the relator had paid all of his arreage of child support payments except the sum of $150.00. It was then ordered that further execution of the terms of the July 29, 1980 order, be suspended subject to the following terms and conditions:

"That he satisfy the balance, if any, of fine and costs due in these proceedings on or before September 4, 1980.

That he shall pay together with the child support payments now required by Order of this Court an additional $20.00 per installment to be applied and credited to the amount of arrearage of child support payments as heretofore ordered by the Court.

That he faithfully make child support payments from date hereof in accordance with the orders of this Court."

On January 7, 1982, the Texas Department of Human Resources again filed a motion to suspend the "jail commitment" of the relator, "ordered in the suspended commitment order entered on or about the 4th day of August, 1980." The relator was duly notified that the motion would be heard on February 22, 1982. He did not appear at the hearing. A judgment of commitment was signed on March 9, 1982, which, in pertinent part, provided:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondent by reason of his failure to make child support payments as hereinbefore found by this Court, and his punishment for such disobedience previously suspended is here fixed by his confinement in the Nueces County, Texas, jail for a term of ninety (90) days and thereafter until he pays costs of Court and arrearage of child support payments in the amount of $575.00.

THEREFORE, let commitment issue to the Sheriff of any county, Texas, accompanied by a copy of this judgment."

On March 9, 1982, a judgment of commitment was signed by the judge of the 148th District Court, whereby the Sheriff of Nueces County, Texas, was ordered to take the relator into custody and to confine him in jail, to be "released from custody when all of the conditions have been met and all payments made as set out in the attached exact copy of the judgment of the court herein." The formal commitment order to the Sheriff was signed by the judge the next day, on March 10, 1982.

Relator was arrested and placed in the Nueces County jail on March 12, 1982. He filed an application for a writ of habeas corpus in the 148th District Court on March 19, 1982, which was set for hearing later that day. Following the hearing, the court, in effect, set aside the March 10, 1982 judgment of commitment and ordered relator released from jail on certain conditions, as follows:

"IT IS ORDERED that the Application for Writ of Habeas Corpus be and is hereby granted and the Petitioner, Lean-

dro Pena, is hereby ordered released from the custody of said sheriff.

It is FURTHER ORDERED that Petitioner shall pay on or before April 5, 1982 at 1:30 p. m. the sum of Three Hundred ($300.00) Dollars towards the child support arrearage, and that in the event that Petitioner fails to pay said sum by said date and time, the Order of Commitment issued by this Court shall be reinstated and a punishment assessed at 45 days.

It is FURTHER ORDERED that Petitioner, upon paying said sum of money, shall faithfully make all child support payments as previously ordered."

On May 13, 1982, without any notice to relator and without a hearing, the judge of the 148th District Court signed a judgment of commitment and a formal commitment order to the Sheriff of Nueces County. The judgment of commitment found relator to be in contempt of court for his failure to make child support payments in accordance with previous orders of the court. The judgment further ordered relator to be confined in the Nueces County jail for a term of ninety (90) days and thereafter until he pays all "costs of court and arrearages of child support in the amount of $575.00."

Relator was then arrested and confined in jail, where he remained until May 25, 1982, when this Court ordered him to be released on bond.

■ It is well settled that imprisonment for contempt without notice and hearing is a denial of due process. *Ex Parte Herring*, 438 S.W.2d 801 (Tex.1969); *Ex Parte Davis*, 161 Tex. 561, 344 S.W.2d 153 (1961). Where a person has been found in contempt for violating a court's previous order, but his punishment is suspended on condition of his compliance with certain terms and conditions, the court must afford him a subsequent hearing to determine whether he has breached any of such terms and conditions before he can be committed to jail. *Ex Parte Bush*, 619 S.W.2d 298 (Tex.Civ.App.—Tyler 1981, no writ); *Ex Parte Sauser*, 554 S.W.2d 239 (Tex.Civ.App.—Dallas 1977, no writ).

■ The record in this case clearly shows that the relator was not given any notice, nor was he afforded a hearing on whether he had violated any of the terms and conditions of the March 9, 1982 judgment, which, in effect, suspended any confinement in jail so long as the relator complied with the terms and provisions therein contained. The judgment of commitment, signed on May 13, 1982, together with the issuance of the formal commitment order to the Sheriff, without giving the relator due notice and without affording him an opportunity to be heard as to whether he had violated the terms and conditions of the March 9, 1982 judgment, constituted a denial of due process to the relator.

The relator is DISCHARGED.