**Ex parte Enrique G. GUTIERREZ, Relator.**

**No. 04–83–00515–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 23, 1983.

Jose Perales, San Antonio, for appellant.

L.J. Beltman, Dept. of Human Resources, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION

ESQUIVEL, Justice.

Relator, Enrique G. Gutierrez, has applied to us for a writ of habeas corpus alleging that he has been illegally restrained of his liberty by the Sheriff of Bexar County, Texas, under a void contempt order of the District Court of said county. The relator was found in contempt for failure to make child support payments of $15.00 a week as ordered by the court on September 28, 1979. Relator was found to be in arrears of $1,390.00. We granted bail pending a hearing in this Court.

On October 5, 1983, a hearing was held in which relator was found guilty of contempt for failing and refusing to make child support payments. The order recites that the relator, having been given due and timely notice, did not appear. The court sentenced relator to six months in the Bexar County jail and assessed a $100.00 fine. He was ordered to remain in custody until the child support arrears of $1,390.00 have been fully paid.

This is a case of constructive contempt. Enrique G. Gutierrez's confinement

was pursuant to TEX.REV.CIV.STAT. ANN. art. 1911a (Vernon Supp.1982–1983) and TEX.FAM.CODE ANN. § 14.09(a), (c) (Vernon 1975), as punishment for his failure to comply with a court order which was to be performed outside the presence of the court. Gutierrez alleges that the contempt order is void because he was tried and sentenced in absentia, without an affirmative finding that he voluntarily waived his right to be present at the contempt hearing. This, relator contends, was a violation of due process.

In *Ex parte Johnson,* 654 S.W.2d 415, 421 (Tex.1983), the Supreme Court held that persons charged with criminal contempt pursuant to article 1911a are constitutionally guaranteed the right to be present at trial and confront witnesses; anything less would be a violation of due process. The record in this case is devoid of any affirmative finding by the trial court of a waiver by relator of the right to attend the contempt hearing.

Therefore, absent any proof that relator knowingly, intelligently and voluntarily waived his right to be present at the contempt hearing, we hold that the trial court erred in proceeding with the contempt hearing in the absence of Enrique G. Gutierrez.

The relator is ordered discharged.

BUTTS, Justice, concurring.

I concur in releasing relator in this habeas corpus action, but for other than the majority reason.

The supplementary transcript filed by the State shows a continuing saga in the court: The motion for contempt was served personally on relator and the contempt hearing set for March 30, 1983. The relator and the State agreed to reset the case for hearing on April 27th. Relator did not appear; a writ of attachment and contempt order issued. That contempt order committed relator to custody for fourteen (14) days and until the arrearage of $1,390.00 was paid, confinement not to exceed six (6) months. It is observed the motion for contempt alleged relator was in arrears in the sum of

$1,645.00. Thus it may be concluded he had made some payment.

Relator was arrested but released from jail after one day on July 7th. The temporary order not only released him pending payment of $600.00 by August 10, but provided that the contempt order was *suspended and held in abeyance* until he paid $600.00. On August 10th there was another agreed resetting to September 14th, conditioned on payment of $600.00. On September 14th the case was again reset by agreement to October 5th; writing on the instrument noted relator had paid $265.00 and was "to bring in several hundred more" on October 5th. Relator did not appear.

An attachment order containing a contempt order issued after that. That contempt order is identical to the first one as to arrearage owed ($1,390.00) but differs as to punishment. A fine of $100.00 and commitment not to exceed six months are ordered as well as payment of the arrearage. No mention is made of the suspension of the contempt order.

I would hold that new process should have issued under these circumstances. *Ex parte Herring,* 438 S.W.2d 801, 803 (Tex. 1969). There should have been a determination of breach of the condition. *Ex parte Sauser,* 554 S.W.2d 239, 241 (Tex.Civ.App.—Dallas 1977, no writ); *Ex parte McNemee,* 605 S.W.2d 353, 357 (Tex.Civ.App.—El Paso 1980, no writ), *overruled on other grounds, Huff v. Huff,* 648 S.W.2d 286, 290 (Tex. 1983). In addition, the commitment order specifies that the sheriff will keep him in custody "the term of imprisonment of $1,390.00 days in jail ...," which is, of course, no term. *Ex parte Barnett,* 600 S.W.2d 252, 256 (Tex.1980).

I would order the release of relator for these reasons.