**Ex Parte Robert Harold LAYMON, Relator.**

**No. 01–84–0014–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 5, 1984.

Rolf W. Spradlin, Houston, for relator.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

PER CURIAM.

## ORIGINAL PROCEEDING ON MOTION FOR LEAVE TO FILE WRIT OF HABEAS CORPUS

The trial court adjudged relator in contempt for failure to pay designated child support payments and as punishment directed that he be confined in the Harris County jail for thirty days. The trial court's judgment recites that at the date of the judgment relator had failed and refused to make the required support payments in the sum of $2,200. The order, after finding the appellant in contempt and assessing his punishment, further provided:

> The court grants to respondent, Robert Laymon, leave to file at any time hereafter Application for Probation upon the following terms and conditions:
> A. Total payment of arrears through 9–12–83 in the sum of $2,200;
> B. Payment of attorney's fees of $750 as court costs;
> C. Payment of costs of court of $59 and $33 commitment costs.

In his application for writ of habeas corpus, the relator contends:

> 1. that the order on which the order of commitment is based is void for vagueness;
> 2. that the commitment order is coercive in nature, and that the record demonstrates his financial inability to raise the funds necessary to purge himself of the contempt.

The order, which sets forth the relator's obligations to pay child support provides, in pertinent part:

> IT IS ORDERED and DECREED that ROBERT HAROLD LAYMON pay to BEVERLY LATHAM LAYMON child support in the amounts due and payable on the 12th day of April, 1979, and a payment according to the schedule below being due and payable on the 12th day of each month thereafter until the child attains the age of eighteen (18) years:
> April, 1979 through and including December, 1979—$400.00 per month
> January, 1980 through and including December, 1980—$450.00 per month
> January, 1981 through and including December, 1981—$500.00
> January, 1982 through and including June, 1985—$550.00.

Relator contends that the above-mentioned order is void because it does not sufficiently reflect the beginning date and the ending date of each increase in the scheduled payments. Further, relator argues the schedule does not speak definitely to the exact amounts due and on what

exact dates in what years said amounts would be due.

■ We do not agree with relator's contention that the provisions of the decree are so vague as to be unenforceable. The provisions of the decree set forth the particular months and years when certain increases in child support will be made, and it is reasonably clear from the provisions of the decree that all such payments are to be made on the twelfth day of each month until the child reaches 18 years of age.

■ Neither do we agree with relator's contention that the provision of the commitment order confining him in jail for thirty days is coercive in nature. The order sentences the relator to thirty days confinement for criminal contempt as authorized by Tex.Rev.Civ.Stat.Ann. 1911a (Vernon Supp.1981).

The provisions of the commitment order direct that relator be confined in the Harris County jail for a specific period of thirty days. The order does not provide, as relator contends, that he may purge himself from the contempt by taking any specific action. The court's order does provide that relator may file an application for probation, which would indicate that upon payment of the arrearage, attorney's fees, and court costs in the amount specified, relator might be released before the expiration of the thirty day period; however, the order does not impose upon the court any duty to grant probation or early release upon relator's compliance with such conditions. Accordingly, we do not construe the provisions of the commitment order as coercive, and even if relator should meet all of the conditions indicated, there is no assurance that the court would discharge relator from custody prior to the period of his designated confinement. *See Ex parte Lee,* 568 S.W.2d 689 (Tex.App.—Houston [1st Dist.] 1978, no writ); *Ex parte Rogers,* 633 S.W.2d 666 (Tex.App.—Amarillo 1982, no writ).

The relator's Motion for Leave to File Application for Writ of Habeas Corpus is denied.