Ex parte Jerry Lynn FRANKLIN.

No. 12–84–0188–CV.

Court of Appeals of Texas, Tyler.

Oct. 25, 1984.

Lewis P. Terrell, Lubbock, for appellant.

Wayne Toliver, Gilmer, Richard Miller, Longview, for appellee.

PER CURIAM.

Franklin filed an Application for Writ of Habeas Corpus in this Court on September 18, 1984, alleging he was illegally confined in the Upshur County Jail by order of the 115th Judicial District Court. We granted the Writ and ordered Franklin released on a $1,000 bond pending the writ hearing set for October 2, 1984. The cause was submitted on that date.

The record before us reveals that on March 4, 1977, Franklin and his then wife, Rebecca Lynn Franklin, were divorced by decree of the 99th Judicial District Court of Lubbock County. Under the provisions of the decree, Rebecca was appointed managing conservator, and Franklin was appointed possessory conservator and ordered to pay $30.00 per week for the support and maintenance of Chad Lee Franklin, the sole child of the marriage, beginning Monday, "February 28, 1977 [sic]" with a like payment due each Monday thereafter. On April 13, 1982, the suit was transferred from Lubbock to the District Court of Upshur County, presumably under the provisions of TEX.FAM.CODE ANN. Section 11.06 (Vernon Pham.Supp. 1975–83). On June 25, 1982, the Upshur County District Court conducted a contempt hearing, at which Franklin appeared with counsel. The court adjudged Franklin guilty of contempt "[in] failing to make periodic payments of child support as ordered," and the order further recites, "[p]unishment for contempt is hereby taken under advisement by the court to be assessed at a later date to be determined by the court." Such order, on agreement of the parties, also modified the divorce decree respecting Franklin's rights of access to the child and found that Franklin was in arrearage in payment of child support under the divorce decree in the amount of $4,531, and further recited the agreement of the parties for the method and time schedule for the payment of such arrearage. The Upshur County District Court in a series of orders set a hearing for June 4, 1984, "to assess punishment." At such hearing Franklin appeared before the court voluntarily with counsel. The record of that hearing establishes that the 1982 order was based solely on the agreement of the parties. No evidence was heard by the court. In effect, the trial court, upon Franklin's assent thereto, found Franklin in contempt because of his conduct in failing to make the "periodic" payments of child support as required by the decree, but declined to assess punishment upon Franklin's agreement to pay the arrearage as set forth in the order. At the conclusion of the 1984 hearing, the court again took the matter of punishment "under advisement." On August 7, 1984, the trial court signed an order styled, "Order Assessing Punishment." This order recites findings that Franklin paid $1,131 of the $4,531 arrearage found to exist by the 1982 order, leaving an arrearage of $3,400 denominated in the order as "amended arrearage." After making such findings, the trial court proceeded to assess punishment against Franklin "for contempt of this court at twenty-four hours confinement in the County Jail of Upshur County ... and as long thereafter until the sum of $1,000 of the amended arrearage, together with all court costs which have accrued to date, together with $250 attorneys' fees ... have been paid." The order also requires the "remaining amended arrearage of the $3,400 to be paid." The record before us conclusively establishes that while the 1982 order adjudged Franklin guilty of contempt for his failure to make "periodic" payments of child support as ordered in the divorce decree, which were due and payable before June 25, 1982, the 1984 order committing him to custody, punished him for failure to pay the arrearage found to exist by the 1982 order, in the manner and on the dates

spelled out in the agreement of the parties as set forth in the 1982 order. The 1982 order contained no clear and definite order of the court requiring Franklin to make the payments, but merely recited the agreement of Franklin to make such payments. Since there is no order directing Franklin to pay the arrearage, the commitment order is void. *Ex parte Lake,* 37 Tex.Crim. 656, 40 S.W. 727 (1897); *Ex parte Arnold,* 503 S.W.2d 529 (Tex.Crim.App.1974). Additionally, since it is also clear that under the 1982 order the court's decision to assess punishment necessarily depended upon the character of Franklin's conduct subsequent thereto, Franklin cannot be confined for the contempt adjudged thereby now or at any future time. *Ex parte Sauser,* 554 S.W.2d 239 (Tex.Civ.App.—Dallas 1977, no writ); *Ex parte Crocker,* 609 S.W.2d 833 (Tex.Civ.App.—Tyler 1980, no writ); see *Ex parte Herring,* 438 S.W.2d 801, 803 (Tex. 1969).

Franklin is ordered discharged from custody, and he and his sureties on his appearance bond before us are likewise discharged from further liability thereon.