**Ex parte Stephanie MACKIE, Relator.**

**No. 04–87–00057–CV.**

Court of Appeals of Texas,
San Antonio.

March 18, 1987.

Robert F. Estrada, San Antonio, for appellant.

Patricia Wueste, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

PER CURIAM.

This is a habeas corpus proceeding seeking relief from confinement under a judgment entered in the 166th Judicial District Court of Bexar County on February 6, 1987. We find that the commitment order is void and grant the requested relief.

Relator, Stephanie Mackie, and the real party in interest, Bradley Epstein, are the parents of Shannon St. Clair Epstein, a minor. The parties were divorced in the state of Missouri on December 29, 1983. After the divorce relator and Shannon moved to Texas. Thereafter, Bradley Epstein also became a Texas resident.

On May 23, 1985, at the request of relator, an order was entered in Bexar County adopting the Missouri decree and extending the visitation provisions of that decree.

In August 1985 Epstein filed a motion to hold relator in contempt for violating the visitation provisions of the May 23 order. No show cause order was ever issued nor was the motion ever served on relator. Thereafter, the contempt motion was amended and served on relator, who appeared by counsel and answered.

A hearing on the motion was held on March 27 and 31, 1986, before Judge Solomon Casseb. Both parties were present and represented by counsel. At the conclusion of the hearing the motion for contempt was taken under advisement.

On April 14, 1986 Judge Casseb announced his judgment from the bench:

> The Court finds that there's been sufficient evidence to establish contempt on behalf of Stephanie A. Mackie in denying access to Bradley Epstein of said child pursuant to court orders; whether it was by her ownself or through the influence of her family members. The Court is going to maintain that in abeyance and is not going to impose any sentence at this time.

The written judgment of the court, which was not entered until October 19, 1986, provides:

> The Court finds there is sufficient evidence to establish contempt on behalf of STEPHANIE A. MACKIE in denying BRADLEY G. EPSTEIN access to the child, whether it was by her own self or through the influence of her family members which matter shall be held in abeyance by this Court without imposition of punishment or sentence at this time.

On February 6, 1987 the parties were in court once more. The record does not make clear the reason for this appearance. However, on that date Judge Casseb entered an order finding relator in contempt for refusing to comply with the May 23 order of the court regarding visitation. Relator was fined $500.00 and sentenced to 30 days confinement. No evidence was heard by the court on February 6, nor had relator been served with an order instructing her to show cause on that date why she should not be held in contempt for continuing to refuse visitation to her former hus-

band as provided in the May 23, 1985 order of the court.

It appears that in his October 10 order finding relator in contempt but assessing no punishment, Judge Casseb may have been attempting to act under the authority of a 1985 amendment to the Texas Family Code. Under the provisions of TEX.FAM. CODE ANN. § 14.50(d) (Vernon 1986), a court may suspend commitment and place on probation a person whom it has found to be in contempt of court for failing to permit visitation. This statute specifically provides that the court may suspend commitment on the condition that the contemnor permit possession of and access to the child in accordance with the orders of the court. It contemplates that the court will look to the acts of the contemnor after the contempt order is rendered to determine whether probation should be revoked and commitment should be ordered. If it was the intent of Judge Casseb to act under this section of the Family Code, he failed to do so properly. The record contains no order probating relator's sentence or setting out the conditions of probation. Further, there is no evidence in the record that a verified motion to revoke probation was ever filed or that a hearing was ever held on such a motion. TEX.FAM.CODE ANN. § 14.50(d)(4) and (6).

■ Even if the provisions of § 14.50 did not require a hearing on February 6, relator would have been entitled to one. Where a person has been found to be in contempt of an order of a court and punishment has been suspended on condition of compliance with the court order, no commitment may be ordered without a subsequent hearing to determine if a breach of the condition has occurred. *Ex Parte Pena*, 636 S.W.2d 741, 744 (Tex.App.—Corpus Christi 1982, no writ); *Ex Parte Lee*, 568 S.W.2d 689, 691 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Ex Parte Hart*, 520 S.W.2d 952, 953 (Tex.Civ.App.—Dallas 1975, no writ).

■ Under the facts of this case we would be required to order relator released from confinement regardless of whether it was the October 10 order or the February 6 order that found her in contempt.

The February 6 order finds relator in contempt of court for acts that were the subject matter of the March 1986 hearing and the October 10, 1986 order. The real party in interest conceded at oral argument in this Court, and in his brief in opposition to relator's petition, that relator was ordered confined on February 6 because of her continuing refusal to allow visitation. Our review of the record convinces us that the real party in interest is correct. Relator is not being punished for acts for which she had notice at the March 1986 hearing, but for new acts of contempt for which there has been no notice or hearing. Relator has been denied due process. *Ex Parte Herring*, 438 S.W.2d 801 (Tex.1969); *Ex Parte Davis*, 161 Tex. 561, 344 S.W.2d 153 (1961).

The February 6, 1987 commitment order is void. Relator's petition for writ of habeas corpus is granted and we order her released from confinement.