### In re Gregory MATNEY, Relator.

### No. 01–00–00485–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 16, 2000.

Walter G. Armatys, Catherine Lisa Fisher, Richmond, for other parties in interest.

L.T. Butch Bradt, Elise Martin-Simon, Houston, for relator.

R.H. Sandy Bielstein, Richmond, for real parties in interest.

Panel consists of Justices HEDGES, NUCHIA, and EVANS.[1]

1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District

## OPINION

FRANK G. EVANS, Justice (Retired).

In a May 11, 2000 petition, relator, Gregory Matney, requests habeas corpus relief from a May 3, 2000 order holding him in contempt. Being of the tentative opinion that relator was entitled to the requested relief, we set a briefing schedule, and ordered him released upon his posting of a bond. Real parties in interest have not filed a response to relator's petition.

The underlying proceeding is a parental termination case styled, *C.A. No. 103,809, In the Interest of Jay Matney, Mathew Cody Matney, Chris Margaret Matney, Jerika Leigh Matney, and Lexie Matney, Minor Children,* In the District Court of Fort Bend County, Texas, 328th Judicial District. As part of this proceeding, the trial court ordered relator to report to a DNA testing laboratory on January 28, 2000, to give a blood sample for parentage testing.

As a result of relator's apparent failure to do so, the court entered the order of which relator complains. It recites that on April 12, 2000, the trial court heard a motion to compel and for sanctions and found relator in contempt for failure to obey the court's order to submit to parentage testing. The order assessed relator 45 days in jail as punishment for this disobedience, but suspended the sentence during the pendency of the termination case. It then ordered that if the jury is dismissed without a verdict on the parentage of one of the children, relator would be confined for 45 days and remain confined thereafter until he submits to the parentage testing. The trial judge did not sign the order until May 3, 2000. Relator was not incarcerated until May 10, 2000.

■ A writ of habeas corpus will issue if the contempt order is void because it deprives the relator of liberty without due

of Texas at Houston, participating by assignment.

process of law. *See Ex parte Swate*, 922 S.W.2d 122, 124 (Tex.1996).

 Relator asserts his due process rights were violated when the trial judge revoked the suspension of his sentence without holding a hearing to determine if the conditions for the suspension had been breached. We agree. *See Ex parte Sauser*, 554 S.W.2d 239, 241 (Tex.Civ.App.Dallas 1977, orig. proceeding) (holding when a person has been held in contempt for violation of the court's order, but his punishment is suspended on condition of compliance, the court must afford him a subsequent hearing to determine breach of the condition and must issue an unconditional order of commitment). Here, the punishment was not suspended on the condition of compliance, but on the happening of a particular event, i.e., "if the jury [was] dismissed without a verdict on parentage of [the child], Lexie Matney." Still, the principle is the same. A person's due process rights are violated when his incarceration has been made contingent on a particular event and that person is later incarcerated without a hearing to determine if that event has occurred.

We hold relator is entitled to habeas corpus relief. Our disposition of this issue renders it unnecessary to address the other issues in relator's petition.

Relator is ordered discharged from restraint under the trial court's May 3, 2000 order of contempt.